STATE OF MICHIGAN
IN THE UNITED STATES DISTRICT COURT

DARRYL PELICHET, and
BONN WASHINGTON,

                                     Case No. 18-11385

       Plaintiffs,                       Honorable Paul D. Borman

v.

NICK LYON, individually,
LISA MEDOFF, individually,
MARY CLAIRE SOLKY, individually
LAURIE ALBERT, individually,
HANUMAIAH BANDLA, individually,
CHARLES STERN, individually,
ARUNA BAVINENI, individually,
SHARON DODD-KIMMEY, individually,
CRAIG LEMMEN, individually,
KIMBERLY KULP-OSTERLAND,
individually,
LISA MARQUIS, individually,
MARTHA SMITH,
DAVE BARRY, individually,
KELLI SCHAEFER, individually,
JOE CORSO, individually,
DIANE HEISEL, individually,
HEGIRA PROGRAMS, INC.,
CARELINK NETWORK, INC., and
MICHIGAN DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

        Defendants.

---

LAURENCE H. MARGOLIS (P69635)            LOREN BLUM (P38557)
Margolis Law, PC                            Law Offices of Christine Greig
Attorney for Plaintiff                       Attorney for Defendant Hegira Programs
214 South Main Street, Suite 202          28411 Northwestern Hwy., Suite 640
Ann Arbor, MI 48104                    Southfield, MI 48034
(734) 994-9590                         (248)-223-0120
Email: Larry@lawinannarbor.com         Fax:  603-334-9174
                                            Loren.Blum@LibertyMutual.com

JAMES M. GALLAGHER (P73038)
James Gallagher PLLC
Attorney for Plaintiffs

214 S. Main St., Ste. 202
Ann Arbor, MI 48104
(734) 274-5090
jgallagher@jamesgallagherlaw.com

---

### DEFENDANT, HEGIRA PROGRAMS, INC.'S AFFIRMATIVE AND/OR SPECIAL DEFENSES, AND RESERVATION THEREOF

NOW COMES THE DENFENDANT, Hegira Programs, Inc., by and through its attorneys, Law Offices of Christine Greig, by Attorney Loren Blum, and, by way of Affirmative and/or Special Defenses, and Reservation thereof, states and avers as follows and demands reply hereto:

1. That some or all of Plaintiffs' claims are barred by the Statute of Limitations embodied in Section 3145 of the Michigan No-Fault Automobile Insurance Law, MCLA 500.3101 et seq.

2. That Plaintiffs' recovery is barred and/or limited by reason of their failure to comply with the reasonable notice provisions contained in the subject policy of insurance, and specifically authorized in Section 3141 of the aforementioned No-Fault Law.

3. That Plaintiffs have failed to present reasonable proof of the fact and/or amount of their alleged losses, thereby precluding recovery of interest or attorney fees under Section 3142 and Section 3148 of the aforementioned No-Fault Law.

4. That the allegations in the Complaint, wherein Plaintiffs seek recovery of punitive and/or exemplary damages, are utterly without foundation in fact or law, and in any event, fail to state any claim upon which relief can be granted.  Defendant hereby gives notice of its intent to seek the award of actual, reasonable attorney fees in defense of these allegations, pursuant to Section 3148(2) of the aforementioned No-Fault Law.

5. That Defendant is entitled, as a matter of law, to subtract any Workers' Compensation, Social Security Disability payments, or any other benefits provided or required to be provided under

the laws of any state or the federal government from any personal protection insurance benefits otherwise payable for the injury.

6. That Plaintiffs' Complaint fails to comply with the rules and requirements of pleadings set forth in the Michigan General Court Rules, cases and Statutes of the State of Michigan and further that defendant will move to have all or a portion of same stricken prior to trial.

7. That Plaintiffs have failed to mitigate their damages.

8. That any medical condition from which Plaintiffs may suffer pre-existed the automobile accident and were in no way caused or aggravated by the automobile accident.

9. That Plaintiffs' claim for damages is barred by the fact that they did not have the requisite security required by the No-Fault Act.

10. That defendant is entitled to a set off for any benefits Plaintiffs received from any other source as a result of this accident.

11. The Plaintiffs' claim for Personal Injury Protection benefits, including the claim of medical/intervening providers, is barred by the fraud provision of Defendant's policy.

12. The claim brought by Plaintiffs are barred by the expiration of the applicable statute of limitations, and defendant hereby reserves the right to bring a motion for summary disposition accordingly.

13. The accident or injuries were caused in whole or in part by Plaintiffs, other parties to this action, or other persons or entities.  Defendant reserves the right to request Plaintiffs award, if any, be reduced accordingly; and furthermore, defendant asserts the right to have (its) liability apportioned with respect to co-defendants or other joint tortfeasors as appropriate. Furthermore, the accident or injuries were caused by negligence on the part of the Plaintiffs

in a percentage proportion of more than fifty percent (50%); therefore, Plaintiff is barred from recovering any non-economic loss damages.

14. Plaintiffs has failed to state a cause of action against this Defendant, and Defendant therefore reserves the right to move for summary disposition pursuant to MCR 2.116.

15. The Plaintiff had a duty to mitigate damages and failed to do so.

16. This Defendant is not responsible for the actions, wrongful or otherwise , of the police, courts, or other governmental agencies; nor is this Defendant responsible for the independent acts of any newspaper, radio, or other media.

17. Any action taken by Defendant or its employees was based on reasonable suspicion and probable cause, and was thus permitted by statutory and common law privilege  for the protection of property and the protection of the public.

18. That Defendant reserves the right to assert any and all other Affirmative Defenses as such become known upon completion of discovery.

19. This Defendant reserves the right to plead further and more specific Affirmative Defenses or Special Defenses upon discovery of facts which will allow Defendant to plead more specifically.

WHEREFORE, Defendant, Hegira Programs, Inc., now prays for judgment of no cause for action, together with costs and attorney fees most unjustly incurred.

LAW OFFICES OF CHRISTINE GREIG

*/s/ Loren Blum*

BY: LOREN BLUM (P38557)
Attorney for Defendant
Hegira Programs, Inc.
28411 Northwestern Hwy., Suite 640
Southfield, MI 48034
Loren.Blum@LibertyMutual.com
248-223-0120

Dated: June 6, 2018

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein on    **June 6, 2018**
The parties were served via:

☐ U.S. Mail                ☐ Facsimile
☐ Hand Delivery            ☐ UPS
☐ Federal Express          ☐ Other
☒ E-File                   ☐ Email

Signed:    */s/ Tracee Rodriguez*