UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

DARRYL PELICHET AND BONN
WASHINGTON,

      Plaintiffs,              No. 2:18-cv-11385

v                            HON. PAUL D. BORMAN

NICK LYON, et al.,          MAG. MONA K. MAJZOUB

      Defendants.

Laurence H. Margolis (P69635)
Margolis Law Firm
Attorney for Plaintiffs
214 S. Main St., Ste. 202
Ann Arbor, MI 48104
(734) 994-9590
larry@lawinannarbor.com

James M. Gallagher (P73038)
Law Offices of James Gallagher
Attorney for Plaintiff
214 S. Main St., Ste. 202
Ann Arbor, MI 48104-2122
(734) 274-5090
jgallagher@jamesgallagherlaw.com

Scott S. Holmes (P66580)
Foley & Mansfield, PLLP
Attorney for Defendant Carelink
Network, Inc.
130 E. Nine Mile Rd.
Ferndale, MI 48220-3728
(248) 721-4200
sholmes@foleymansfield.com

Paul J. Dwaihy (P66074)
Plunkett Cooney
Attorney for Defendant Lisa Medoff
10 S. Main St., Ste. 400
Mt. Clemens, MI 48043
(586) 783-7621
pdwaihy@plunkettcooney.com

Loren D. Blum (P38557)
Elia & Ponto, PLLC
Attorney for Hegira Programs, Inc.
25800 Northwestern Hwy, Ste. 850
Southfield, MI 48075
(248) 595-8579
Loren.blum@libertymutual.com

Katherine J. Bennett (P75913)
Darrin F. Fowler (P53464)
Assistant Attorneys General
Michigan Dep't of Attorney General
Attorneys for MDHHS Defendants
P.O. Box 30755
Lansing, MI 48909

Scott L. Feuer (P38185)
Law Offices of Scott L. Feuer, P.C.
Attorney for Defendant Stern
888 W. Big Beaver Rd., Ste. 850
Troy, MI  48084
(248) 723-7828
sfeuer@fklawyers.com

(517) 373-1160
Bennettk1@michigan.gov
Fowlerd1@michigan.gov

## MDHHS DEFENDANTS' MOTION TO DISMISS

Defendants Michigan Department of Health and Human Services, Nick Lyon, Mary Claire Solky, Laurie Albert, Hanumaiah Bandla, Aruna Bavineni, Sharon Dodd-Kimmey, Craig Lemmen, Kimberly Kulp-Osterland, Lisa Marquis, Martha Smith, Dave Berry, Kelli Schaefer, Joe Corso, and Diane Heisel (MDHHS Defendants) move to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).

On June 26, 2018, MDHHS Defendants sought concurrence pursuant to L. Rule 7.1(a) from Plaintiffs' counsel, and on June 28, 2018, Plaintiffs' counsel and the undersigned counsel held a conference to discuss the nature of the motion and its legal basis.  However, concurrence was not obtained.  The Department requests that this Court grant its Motion to Dismiss.

Respectfully submitted,

BILL SCHUETTE
Attorney General

*/s/ Katherine J. Bennett*
Katherine J. Bennett (P75913)
Darrin F. Fowler (53464)
Assistant Attorneys General
Attorneys for MDHHS Defendants
Corporate Oversight Division
P.O. Box 30755
Lansing, MI 48909
(517) 373-1160
BennettK1@michigan.gov
FowlerD1@michigan.gov

Dated: June 29, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2018, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/ Katherine J. Bennett*
Katherine J. Bennett (P75913)
Darrin F. Fowler (53464)
Assistant Attorneys General
Attorneys for MDHHS Defendants
Corporate Oversight Division
P.O. Box 30755
Lansing, MI 48909
(517) 373-1160
BennettK1@michigan.gov
FowlerD1@michigan.gov

2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

DARRYL PELICHET AND BONN
WASHINGTON,

     Plaintiffs,                No. 2:18-cv-11385

v                           HON. PAUL D. BORMAN

NICK LYON, et al.,         MAG. MONA K. MAJZOUB

     Defendants.

Laurence H. Margolis (P69635)
Margolis Law Firm
Attorney for Plaintiffs
214 S. Main St., Ste. 202
Ann Arbor, MI 48104
(734) 994-9590
larry@lawinannarbor.com

James M. Gallagher (P73038)
Law Offices of James Gallagher
Attorney for Plaintiff
214 S. Main St., Ste. 202
Ann Arbor, MI 48104-2122
(734) 274-5090
jgallagher@jamesgallagherlaw.com

Scott S. Holmes (P66580)
Foley & Mansfield, PLLP
Attorney for Defendant Carelink
Network, Inc.
130 E. Nine Mile Rd.
Ferndale, MI 48220-3728
(248) 721-4200
sholmes@foleymansfield.com

Paul J. Dwaihy (P66074)
Plunkett Cooney
Attorney for Defendant Lisa Medoff
10 S. Main St., Ste. 400
Mt. Clemens, MI 48043
(586) 783-7621
pdwaihy@plunkettcooney.com

Loren D. Blum (P38557)
Elia & Ponto, PLLC
Attorney for Hegira Programs, Inc.
25800 Northwestern Hwy, Ste. 850
Southfield, MI 48075
(248) 595-8579
Loren.blum@libertymutual.com

Katherine J. Bennett (P75913)
Darrin F. Fowler (P53464)
Assistant Attorneys General
Michigan Dep't of Attorney General
Attorneys for MDHHS Defendants
P.O. Box 30755
Lansing, MI 48909

Scott L. Feuer (P38185)
Law Offices of Scott L. Feuer, P.C.
Attorney for Defendant Stern
888 W. Big Beaver Rd., Ste. 850
Troy, MI  48084
(248) 723-7828
sfeuer@fklawyers.com

(517) 373-1160
Bennettk1@michigan.gov
Fowlerd1@michigan.gov

---

# MDHHS DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS

BILL SCHUETTE
Attorney General

Katherine J. Bennett (P75913)
Darrin F. Fowler (53464)
Assistant Attorneys General
Attorneys for MDHHS Defendants
Corporate Oversight Division
P.O. Box 30755
Lansing, MI  48909
(517) 373-1160
BennettK1@michigan.gov
FowlerD1@michigan.gov

Dated:  June 29, 2018

# TABLE OF CONTENTS

                                                                            Page

Table of Contents.............................................................................i

Index of Authorities...................................................................... iii

Concise Statement of Issues Presented..................................................viii

Controlling or Most Appropriate Authority ............................................ix

Statement of Facts..........................................................................1

    Darryl Pelichet ........................................................................ 1

    Bonn Washington...................................................................... 3

    The MDHHS Defendants ................................................................ 4

Argument .....................................................................................5

I.    The Complaint should be dismissed because this Court lacks subject-matter jurisdiction..........................................................5

    A.    This Court lacks jurisdiction over Pelichet's claims for injunctive relief because they are moot. ................................6

    B.    This Court lacks jurisdiction over Washington's claims because they are unripe.........................................................7

    C.    Alternatively, this Court should abstain from exercising jurisdiction over Washington's claims under abstention doctrines...............................................................9

    D.    Plaintiffs' claims against the Department are barred by Eleventh Amendment jurisdictional immunity................... 13

II.    Plaintiffs' Complaint should be dismissed because they fail to state a claim for which relief may be granted. .......................... 15

    A.    Plaintiffs fail to state a claim under 42 U.S.C. § 1983.........15

B.    Plaintiffs fail to state a claim under Title II of the ADA. .... 19

C.    Plaintiffs fail to state a claim against the individual MDHHS Defendants because they are shielded by qualified immunity ................................................................... 21

Conclusion and Relief Requested ............................................................. 24

Certificate of Service ............................................................................... 25

# INDEX OF AUTHORITIES

<u>Page</u>

## Cases

*Abbott Laboratories v. Gardner,*
387 U.S. 136 (1967) ................................................................ 8

*Aben v. Dallwig,*
655 F. Supp. 523 (E.D. Mich. 1987) .................................... 12

*Amini v. Oberlin College,*
259 F.3d 493 (2001) ................................................................ 9

*Anderson v. City of Blue Ash,*
798 F.3d 338 (6th Cir. 2015) ........................................... ix, 20

*Anderson v. Creighton,*
483 U.S. 635 (1987) ............................................................. 22

*Colorado River Water Conservation District v. United States,*
424 U.S. 800 (1976) ..................................................... passim

*Cope v. Heltsley,*
128 F.3d 452 (6th Cir. 1997) ......................................... 22, 23

*County of Los Angeles v. Davis,*
440 U.S. 625 (1979) ............................................................... 6

*Crane v. Indiana High Sch. Athletic Ass'n,*
975 F.2d 1315 (7th Cir. 1992) ............................................... 6

*CSXT, Inc. v. Pitz,*
883 F.2d 468 (6th Cir. 1989) ............................................... 13

*Everson v. Leis,*
556 F.3d 484 (6th Cir. 2009) ........................................... ix, 19

*Freeman v. Michigan Dep't of State,*
808 F.2d 1174 (6th Cir. 1987) ............................................. 13

*Gavitt v Born,*
    835 F.3d 623 (6th Cir. 2016) .............................................................. 23

*General Retirement Sys. v. Snyder,*
    822 F. Supp. 2d 686 (E.D. Mich. 2011) ................................................ 7

*Hapgood v. City of Warren,*
    127 F.3d 490 (6th Cir. 1997) .............................................................. 12

*Harlow v. Fitzgerald,*
    457 U.S. 800 (1982) ........................................................................... 21

*Harrison v. Michigan,*
    722 F.3d 768 (6th Cir. 2013) .............................................................. 13

*Hunter v. Bryant,*
    502 U.S. 224 (1991) ........................................................................... 21

*Kaminski v. Coulter,*
    865 F.3d 339 (6th Cir. 2017) .............................................................. 23

*Kentucky v. Graham,*
    473 U.S. 159 (1985) ........................................................................... 21

*Laney v. Farley,*
    501 F.3d 577 (6th Cir. 2007) .............................................................. 24

*Lugar v. Edmondson Oil Co.,*
    457 U.S. 922 (1982) ........................................................................... 15

*Marcilis v. Twp. of Redford,*
    693 F.3d 589 (6th Cir. 2012) .............................................................. 22

*McLittle v. O'Brien,*
    974 F. Supp 635 (E.D. Mich. 1997) ............................................... 13, 14

*McPherson v. Michigan High Sch. Athletic Ass'n,*
    119 F.3d 453 (6th Cir. 1997) ......................................................... ix, 6

*Mingus v. Butler,*
    591 F.3d 474 (6th Cir. 2010) ........................................................ ix, 14

iv

*Mokdad v. Sessions,*
    876 F.3d 167 (6th Cir. 2017) ................................................................ 6

*Morgan v. Church's Fried Chicken,*
    829 F.2d 10 (6th Cir. 1987) ................................................................ 16

*Mulbarger v. Royal Alliance Associates,*
    10 Fed. Appx. 333 (6th Cir. 2001) ...................................................... 16

*Nat'l Park Hospitality Ass'n v. Dep't of Interior,*
    538 U.S. 803 (2003) ............................................................................. 8

*Nelson v. Murphy,*
    44 F.3d 497 (7th Cir. 1995) ................................................................ 13

*O'Neill v. Coughlan,*
    511 F.3d 638 (6th Cir. 2008) .............................................................. 12

*Pearson v. Callahan,*
    555 U.S. 223 (2009) ..................................................................... 21, 22

*Pettrey v. Enterprise Title Agency,*
    584 F.3d 701 (6th Cir. 2009) ................................................................ 6

*Romine v. Compuserve Corp.,*
    160 F.3d 337 (6th Cir. 1998) .......................................................... 9, 11

*Saucier v. Katz,*
    533 U.S. 194 (2001) ................................................................. ix, 21, 22

*Savoie v. Martin,*
    673 F.3d 488 (6th Cir. 2012) .............................................................. 15

*Steinberg v. Fed. Home Loan Mortgage Corp.,*
    901 F. Supp. 2d 945 (E.D. Mich. 2012) ................................................ 5

*Tucker v Tennessee,*
    539 F.3d 526 (6th Cir. 2008) .............................................................. 20

*United Am. Healthcare Corp. v. Backs,*
    997 F. Supp. 2d 741 (E.D. Mich. 2014) .............................................. 10

*United States v. City of Detroit,*
   401 F.3d 448 (6th Cir. 2005) .................................................. 6

*United States v. Georgia,*
   546 U.S. 151 (2006) ............................................................. 14

*Warshak v. United States,*
   532 F.3d 521 (6th Cir. 2008) ............................................ ix, 8

*Waters v. City of Morristown,*
   242 F.3d 353 (6th Cir. 2001) ............................................... 15

*Weber v Van Fossen,*
   496 F. Supp 2d 826 (E.D. Mich. 2007) ................................ 12

*Weiner v. Klais & Co.,*
   108 F.3d 86 (6th Cir. 1997) ................................................ 16

*Westside Mothers v. Olszewski,*
   454 F.3d 532 (6th Cir. 2006) ........................................... ix, 15

*Will v. Calvert Fire Ins. Co.,*
   437 U.S. 655 (1978) ............................................................. 11

*Wilson v. Layne,*
   526 U.S. 603 (1999) ............................................................. 23

*Younger v. Harris,*
   401 U.S. 37 (1971) ..................................................... passim

*Zinermon v. Burch,*
   494 U.S. 113 (1990) ............................................................. 24

## Statutes

42 U.S.C. § 1983............................................................ viii, ix, 15

42 U.S.C. § 12132................................................................... 8

Mich. Comp. Laws § 330.1001.............................................. 12

**Rules**

Fed. R. Civ. P. 12(b)(1) .................................................................. 5

Fed. R. Civ. P. 12(b)(6) ................................................................ 15

## CONCISE STATEMENT OF ISSUES PRESENTED

1. This Court lacks subject-matter jurisdiction because some claims are moot, some claims are unripe, and some claims are barred by Eleventh Amendment jurisdictional immunity. Alternatively, this Court should abstain from exercising jurisdiction over some claims under the *Colorado River* and *Younger* doctrines.

2. Plaintiffs fail to state a claim under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act. Further, some defendants are shielded by qualified immunity.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Plaintiffs are two individuals that were adjudicated not guilty by reason of insanity and received court-ordered mental health treatment.  The first Plaintiff, Darryl Pelichet, successfully challenged his ongoing hospitalization in probate court and is no longer subject to court or hospital oversight, making his claims for injunctive relief moot. *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 458 (6th Cir. 1997).  The second Plaintiff, Bonn Washington, is currently in the process of challenging his ongoing hospitalization in probate court, and an evidentiary hearing on that petition is scheduled for August.  Thus, his claims are unripe, or this Court should abstain from exercising jurisdiction. *Warshak v. United States*, 532 F.3d 521, 525 (6th Cir. 2008); *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Younger v. Harris*, 401 U.S. 37, 41 (1971).

Plaintiffs' claims also fail under two types of immunity.  First, claims against the Michigan Department of Health and Human Services are barred by Eleventh Amendment jurisdictional immunity. *Mingus v. Butler*, 591 F.3d 474, 482 (6th Cir. 2010).  Second, claims against individually named Michigan Department of Health and Human Services employees are barred by qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

In addition to these shortcomings, Plaintiffs also fail to state a claim under 42 U.S.C. § 1983 and Title II of the ADA. *Westside Mothers v. Olszewski*, 454 F.3d 532, 543-544 (6th Cir. 2006); *Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009); *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

## STATEMENT OF FACTS

**Darryl Pelichet**

Plaintiff Darryl Pelichet has a long history in both the criminal

justice and mental health treatment systems.  Twenty years ago,

Pelichet was incarcerated for three years.  (Dkt. 1-9, Pg. ID 91.)

Thirteen years ago, he was charged with assault and resisting and

obstructing a police officer.  (*Id.*)  At that time, he was found not guilty

by reason of insanity (NGRI).  (*Id.*)  He was hospitalized at a state

psychiatric institution, the Center for Forensic Psychiatry (CFP), and

was later transferred to two other state hospitals—Kalamazoo

Psychiatric Hospital (KPH) and Walter P. Reuther Psychiatric Hospital

(WPRPH).  (*Id.*)

During his court-ordered hospitalization, Pelichet was approved

for Authorized Leave Status (ALS) several times.  This meant, as

outlined in a contract, he could live in the community but was still

subject to hospital oversight.  (See, e.g. Dkt. 1-14, Pg. ID 114-123.)

Pelichet alleges his re-hospitalizations, except for the last one, were all

based on marijuana use.  (Dkt. 1, Compl. ¶ 45, Pg. ID 12.)  But

Pelichet's psychiatric evaluation, which was attached to the Complaint,

demonstrates that Pelichet's periods of ALS were short-lived for a

variety of reasons including substance abuse, a criminal charge, making threats, and leaving his group home without permission. (Dkt. 1-9, Pg. ID 91.)

Pelichet was first approved for ALS in 2007, but he returned to the hospital after he broke his contract by smoking marijuana. (*Id.)* He was later approved for ALS a second time, but he returned to the hospital in 2009 after he broke his contract again—this time not for smoking marijuana but because he was charged with delivering marijuana. (*Id.*) Shortly thereafter, Pelichet was approved for ALS for a third time. And for a third time, in 2011, he was re-hospitalized, as he was making verbal threats in the community. (*Id.*) A few years later, he was approved for ALS for a fourth time, but in 2014 he was readmitted to the hospital after relapsing into marijuana abuse. (*Id.*) In January 2016, Pelichet was released on ALS for a fifth time. (*Id.*) But, a few months later and by his own admission, he violated the ALS contract by leaving his assigned group home without staff authorization, in turn breaking his curfew. (*Id.*) He was thus re-hospitalized. (*Id.*) Pelichet's final ALS approval began in July 2017. (Dkt. 1, Compl. ¶ 64, Pg. ID 17.)

Last fall, Pelichet challenged the most recent petition seeking his continued hospitalization, and a jury returned a verdict in his favor. (Dkt. 1, Compl. ¶¶ 65-67, Pg. ID 17.)  As of January 30, 2018, he is no longer subject to hospital or probate court oversight.  (1/30/18 Court Order, attached as Exhibit 1.)

## Bonn Washington

Unlike Pelichet, Plaintiff Bonn Washington is currently within the state's mental health treatment system.  In May 2005, he was charged with aggravated assault and resisting and obstructing a police officer. (3/27/07 Amended Settled Record, attached as Exhibit 2.)  But like Pelichet, Washington was adjudicated NGRI and was hospitalized at CFP.  (3/12/07 Commitment Order, attached as Exhibit 3.)

Washington alleges he was released from hospitalization under ALS contract at least five times but was repeatedly returned to the hospital because he tested positive for marijuana.  (Dkt. 1, Compl. ¶¶ 75, 78, Pg. ID 18-19.)  But the Complaint includes no documentation supporting or contradicting this claim, unlike the psychiatric evaluation provided for Pelichet.

In October 2017, the probate court held a hearing on Washington's most recent continuing order for mental health treatment. (10/11/17 Order, attached as Exhibit 4.) At that hearing, testimony was not given because the parties stipulated to entry of an order finding that Washington continues to be a person requiring treatment because he has a mental illness. (*Id.*) Therefore, he was ordered hospitalized for up to 365 days. (*Id.*) He remains subject to hospital oversight but is currently in the community on approved ALS. Washington's most recent petition for discharge remains pending, and a hearing is scheduled for this coming August. (4/3/18 Petition, attached as Exhibit 5; Notice of 8/7/18 Hearing, attached as Exhibit 6.)

**The MDHHS Defendants**

The MDHHS Defendants can be grouped into two broad categories. Defendant Michigan Department of Health and Human Services (Department) is a state agency, within the executive branch. The remaining MDHHS Defendants (individual MDHHS Defendants) are Department employees sued in their individual capacity.

The individual MDHHS Defendants can be broken into four sub-categories. First, Defendant Nick Lyon is the Director of the

Department.  Second, Defendant Aruna Bavineni is a psychiatrist employed by the Department.  Third, Defendants Mary Claire Solky, Laurie Albert, and Hanumiah Bandla serve as upper-level management at WPRPH, a hospital operated by the Department.  And finally, Defendants Sharon Dodd-Kimmey, Craig Lemmen, Kimberly Kulp-Osterland, Lisa Marquis, Martha Smith, Dave Barry, Kelli Schaefer, Joe Corso, and Diane Heisel serve on the NGRI Committee at CFP, another hospital operated by the Department.

## ARGUMENT

### I.   The Complaint should be dismissed because this Court lacks subject-matter jurisdiction.

This Court should dismiss Plaintiffs' claims under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.  When dismissal is sought based on these grounds, Plaintiffs have the burden of proving that jurisdiction is proper.  *Steinberg v. Fed. Home Loan Mortgage Corp.*, 901 F. Supp. 2d 945, 948 (E.D. Mich. 2012).  This Court lacks jurisdiction over Pelichet's claims for injunctive relief because they are moot.  It also lacks jurisdiction over Washington's claims because they are unripe.  Alternatively, this Court should abstain from exercising jurisdiction over Washington's claims under the *Colorado River* and

5

*Younger* doctrines. Finally, this Court lacks jurisdiction over claims against the Department due to Eleventh Amendment jurisdictional immunity.

### A.     This Court lacks jurisdiction over Pelichet's claims for injunctive relief because they are moot.

A federal court's jurisdiction is limited to live, ongoing cases or controversies, and moot claims must be dismissed for lack of jurisdiction. *Pettrey v. Enterprise Title Agency*, 584 F.3d 701, 703 (6th Cir. 2009). This is because a moot claim is no longer a "case" or "controversy" under Article III of the United States Constitution. *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017).

"A case becomes moot 'when the issues presented are no longer live or parties lack a legally cognizable interest in the outcome.'" *United States v. City of Detroit*, 401 F.3d 448, 450 (6th Cir. 2005), quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979). In determining whether a case is moot, a court must determine "whether the relief sought would, if granted, make a difference to the legal interests of the parties[.]" *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 458 (6th Cir. 1997), quoting *Crane v. Indiana High Sch. Athletic Ass'n*, 975 F.2d 1315, 1318 (7th Cir. 1992).

6

Pelichet, by his own admission, lacks a legally cognizable interest in the outcome of this case, and injunctive relief would not make a difference to his legal interests.  Pelichet admits that he exercised his right to a jury trial under state law and that he received a favorable verdict.  (Dkt. 1, Compl. ¶¶ 66-67, Pg. ID 17.)  He is no longer subject to probate court oversight, is not bound by an ALS contract, is employed, and is free to leave the state.  (*Id.* at ¶ 68, Pg. ID 17.)  The Complaint alleges that injunctive relief would prevent irreparable injury to Washington, but notably does not state the same for Pelichet.  (*Id.* at ¶ 94, Pg. ID 22; ¶ 130, Pg. ID 31-32; ¶ 141, Pg. ID 34.)  Accordingly, this Court should dismiss for lack of jurisdiction Pelichet's claims for injunctive relief because they are moot.

## B.    This Court lacks jurisdiction over Washington's claims because they are unripe.

The Court will not address an issue that is not ripe for review because a case or controversy under Article III of the Constitution must exist to warrant review by the Court.  *General Retirement Sys. v. Snyder*, 822 F. Supp. 2d 686, 693-694 (E.D. Mich. 2011).  Ripeness is designed "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements

7

over administrative policies, and also to protect agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way[.]" *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807 (2003), quoting *Abbott Laboratories v. Gardner,* 387 U.S. 136, 148-149 (1967).

The Sixth Circuit has adopted a two-part test to determine whether a claim is ripe for judicial review:

> (1) [I]s the claim fit for judicial decision in the sense that it arises in a concrete factual context and concerns a dispute that is likely to come to pass?  and

> (2) [W]hat is the hardship to the parties of withholding court consideration?

*Warshak v. United States*, 532 F.3d 521, 525 (6th Cir. 2008), quoting *Abbott Laboratories,* 387 U.S. at 149.  Here, the heart of Washington's claims is that the state mental health court treatment system, as currently operated, violates his rights under the Fourteenth Amendment and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132.  But this claim is not ripe for federal court review because Washington is currently using the state-court process to vindicate his rights—he is actively seeking discharge from the mental

health system through filing a petition in state court.  (Exhibit 5.)[1]  In

fact, he has sought an evidentiary hearing, which is scheduled to occur

in August.  (Exhibit 6.)  If the state court concurs that he no longer

requires mental health treatment, his dispute is unlikely to come to

pass.  And, given the upcoming hearing date, there is little hardship to

Washington should this court withhold consideration until the state-

court process is complete.

### C. Alternatively, this Court should abstain from exercising jurisdiction over Washington's claims under abstention doctrines.

In *Colorado River Water Conservation District v. United States*,

424 U.S. 800, 817 (1976), the Supreme Court held that "considerations

of judicial economy and federal-state comity may justify abstention [by

the federal court] in situations involving the contemporaneous exercise

of jurisdiction by state and federal courts."  *Romine v. Compuserve*

*Corp.*, 160 F.3d 337, 339 (6th Cir. 1998), citing *Colo. River,* 424 U.S. at

817.

---

[1] In reviewing a motion under Rule 12(b), this Court may rely on matters of public record, orders, items appearing in the record of the case, and documents attached to the motion to dismiss if they are referred to in the complaint and are central to Plaintiffs' claims. *Amini v. Oberlin College*, 259 F.3d 493, 502 (2001).

In determining whether the *Colorado River* doctrine applies, this Court must first determine if "the concurrent state and federal actions are actually parallel," which is achieved if the two proceedings are substantially similar. *Id.* at 339-340. Cases are substantially similar if the parties are substantially similar, meaning they have nearly identical interests, and the plaintiff's claims "are predicated on the same allegations as to the same material facts[.]" *United Am. Healthcare Corp. v. Backs*, 997 F. Supp. 2d 741, 752 (E.D. Mich. 2014) (quotation omitted).

Washington is a party to ongoing mental health proceedings in Wayne County Probate Court, File Number 1999-604747-MI. (Exhibit 4.) On October 11, 2017, his attorney stipulated that he continued to be a person requiring treatment because of a mental illness, and the Court ordered that he be hospitalized for up to 365 days, with alternative treatment supervised by a community mental health agency. (*Id.*) Washington has recently filed a petition for discharge, and an evidentiary on that request is scheduled to occur in August. (Exhibits 5 and 6.)

These state mental health court proceedings are parallel to the case at hand.  First, the parties are substantially similar—Washington is the subject of the state court petition, and the Department is advocating for his continued mental health treatment.  (Exhibit 4.)  Second, Washington's claims in the two cases rely on the same underlying allegations and facts—those surrounding his ongoing order for mental health treatment.

Because Washington's state and federal court proceedings are parallel, the following factors from *Colorado River* and its progeny should be considered:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; and (4) the order in which jurisdiction was obtained[;] . . . . (5) whether the source of governing law is state or federal, see *Moses H. Cone*, 460 U.S. 1 at 23-26, 74 L. Ed. 2d 765, 103 S. Ct. 927; (6) the adequacy of the state court action to protect the federal plaintiff's rights, see *id.* at 26-28; (7) the relative progress of the state and federal proceedings, see *id.* at 21-23; and (8) the presence or absence of concurrent jurisdiction, see *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 57 L. Ed. 2d 504, 98 S. Ct. 2552 (1978).

*Romine*, 160 F.3d at 340-341.

Here, an analysis of the *Colorado River* factors favors federal court abstention.  The state court has assumed jurisdiction over

11

Washington, and, although the two forums are both geographically convenient, abstention would avoid piecemeal litigation because the issue of Washington's ongoing status as a person requiring mental health treatment is pending in both matters. *Weber v Van Fossen*, 496 F. Supp. 2d 826, 831 (E.D. Mich. 2007). Additionally, the state proceedings commenced first and, in recent months, have progressed rapidly; in fact, an evidentiary hearing is scheduled to occur in state court in just over a month. (Exhibit 6.) And although Washington makes federal claims, the governing law underlying his claims is the state's Mental Health Code, Mich. Comp. Laws § 330.1001 *et seq.* (Dkt. 1, Compl. ¶¶ 86-87, 91, 100, 106, 117, 124, 128, Pg. ID 20-21, 23-25, 28, 30-31.) Finally, Washington could seek to enforce his federal rights in the state court proceedings, as the state court has concurrent jurisdiction. *Aben v. Dallwig,* 655 F. Supp. 523, 524 (E.D. Mich. 1987). *Hapgood v. City of Warren*, 127 F.3d 490, 494 (6th Cir. 1997).

The *Younger* abstention doctrine would also suggest that this Court should abstain from exercising jurisdiction over Washington's claims, as important state interests are involved. *O'Neill v. Coughlan*, 511 F.3d 638, 641 (6th Cir. 2008); *Younger v. Harris*, 401 U.S. 37, 41

(1971).  The protection of health and safety are "vital" state interests.

See *CSXT, Inc. v. Pitz*, 883 F.2d 468, 475 (6th Cir. 1989); *Nelson v. Murphy*, 44 F.3d 497, 501-503 (7th Cir. 1995), applying *Younger* abstention to § 1983 claims brought by plaintiffs found NGRI by state courts and confined to mental health facilities.

### D.   Plaintiffs' claims against the Department are barred by Eleventh Amendment jurisdictional immunity.

The Eleventh Amendment bars claims against a state and its agencies, except in those situations where the state consents to a federal court's jurisdiction or where Congress expressly waives immunity.  *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013). This immunity applies to state agencies whatever the nature of the relief that is requested, including injunctive relief.  *Freeman v. Michigan Dep't of State,* 808 F.2d 1174, 1179 (6th Cir. 1987); *McLittle v. O'Brien*, 974 F. Supp 635, 637 (E.D. Mich. 1997).

Plaintiffs, through their caption, limit their claims against the Department to "Count II and injunctive relief only."  In Count II, Plaintiffs allege Defendants deprived them of rights guaranteed by Title II of the ADA.  The Department has not consented to the court's

jurisdiction over these claims, and Congress has not necessarily abrogated immunity in this instance.

In *Mingus v. Butler*, 591 F.3d 474 (6th Cir. 2010), the Sixth Circuit explained the Supreme Court's three-part test that guides courts in determining whether the Eleventh Amendment defense applies to a Title II claim:

> [D]etermine . . . on a claim-by-claim basis, (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

*Mingus*, 591 F.3d at 482, quoting *United States v. Georgia*, 546 U.S. 151, 159 (2006).  As applied to this case, the Department's alleged conduct did not violate Title II because the Department did not act with (nor did Plaintiffs plead) discriminatory animus as explained in Argument II(B) below.  Accordingly, there is no need to conduct the next step of the analysis—Eleventh Amendment immunity applies.

Because Congress did not abrogate the Department's Eleventh Amendment Immunity in this instance, the Department is immune from all claims, including Plaintiffs' requests for injunctive relief. *McLittle*, 974 F. Supp at 637.

14

## II. Plaintiffs' Complaint should be dismissed because they fail to state a claim for which relief may be granted.

Plaintiffs' claims rely primarily on two federal laws—42 U.S.C. § 1983 and Title II of the ADA.  But Plaintiffs fail to state a claim under either of these provisions, so the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6).  Additionally, Plaintiffs fail to state a claim against the individual MDHHS Defendants because they are shielded by qualified immunity.

### A. Plaintiffs fail to state a claim under 42 U.S.C. § 1983.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "(1) the conduct in controversy was committed by a person acting under color of [state] law," and (2) the conduct deprived the plaintiff of a federal right, either constitutional or statutory." *Westside Mothers v. Olszewski*, 454 F.3d 532, 543-544 (6th Cir. 2006), citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982); *Waters v. City of Morristown*, 242 F.3d 353, 358-359 (6th Cir. 2001).

Liability under § 1983 cannot be established under a theory of *respondeat superior* or vicarious liability.  *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012).  Plaintiffs' claims against the individual MDHHS Defendants, save for Defendant Bavineni, improperly rely on a

theory of *respondeat superior*, as Plaintiffs claim these defendants are liable for individual actions because of their supervisory authority. (Dkt. 1, Compl. ¶¶ 7, 12, 26, Pg. ID 4, 8.)

Though it is a fundamental part of advancing a § 1983 claim, Plaintiffs fail to identify a custom or policy engaged in by MDHHS Defendants infringing upon federally protected rights. Although the Complaint purports to identify such a policy, Plaintiffs' allegations are contradicted by the exhibits upon which they rely. This Court is not obligated to accept as true allegations contradicted in this way. *Mulbarger v. Royal Alliance Associates*, 10 Fed. Appx. 333, 335 (6th Cir. 2001), citing *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) and *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

The policy giving rise to the § 1983 claim is identified in paragraph 4 of the Complaint. (Dkt. 1, Compl. ¶ 4, Pg. ID 3.) Plaintiffs assert a former Department Director issued an order "to automatically file a petition in Probate Court for one year of involuntary hospitalization for every 'Not Guilty by Reason of Insanity' ('NGRI') patient, every year, regardless of whether the patient's treating

16

physicians believed that the patient continued to satisfy the statutory or constitutional requirements for involuntary civil commitment." (*Id.*) Plaintiffs attach this policy directive as Exhibit A to the Complaint. (Dkt. 1-2, Pg. ID 38.) It is a one-page document plainly contradicting the allegations in paragraph 4. Indeed, it sets forth a special review procedure for the discharge of patients posing heightened public safety concerns.

Plaintiffs construct their claims with this policy directive as the foundation. They allege that the current Department Director, Defendant Lyon, allowed this policy directive to continue. (Dkt. 1, Compl. ¶ 7, Pg. ID 4.) Plaintiffs further allege the MDHHS Defendants require the Community Mental Health Service Program (CMHSP) Defendants to follow this administrative directive. (*Id.* at ¶ 25-27, Pg. ID 8.) Specifically, Plaintiffs claim that the MDHHS Defendants serving on the NGRI Committee have implemented the directive in contracts with CMHSP Defendants. (*Id.* at ¶ 29, Pg. ID 9.) To support this legal conclusion about what is required by the contracts, Plaintiffs mischaracterize their text through cherry-picked quotations. (*Id.* at ¶¶

113-117, Pg. ID 27-28.)  Plaintiffs attach these contracts as Exhibit M to the Complaint.  (Dkt. 1-14.)

While Plaintiffs create contextual confusion through the false premise about the administrative directive, a plain reading of these contracts does not give rise to reasonable inferences consistent with Plaintiffs' legal conclusions about them.  There is no text in these contracts matching Plaintiffs' affirmative allegations, which are to the effect that CMHSP Defendants' employees must perjure themselves to the probate courts to ensure the continued commitment of persons qualifying for authorized leave or discharge.  These contracts state that a person "may" be eligible for ALS for up to five years and anticipate six-month reviews.  (Dkt. 1-14, Pg. ID. 114, 116.)  The terms "six-month review" is expressly defined in the MDHHS Defendants' Standard Operating Procedures as a determination of "whether the patient continues to be a person in need of mental health treatment made six (6) months from the date of a continuing order."  (Dkt. 1-12, Pg. ID. 102.)  And these Standard Operating Procedures clearly anticipate the discharge process, (*Id.* at Pg. ID. 103), which the Complaint suggests does not exist.

18

To the extent the Complaint includes State law claims, they suffer from the same foundational defects.  Alternatively, because Plaintiffs have not pled a federal claim that can survive this motion, this Court should abstain from exercising supplemental jurisdiction over any surviving State law claims for the reasons expressed in Argument I(C).

### B.      Plaintiffs fail to state a claim under Title II of the ADA.

The individual MDHHS Defendants are sued in their individual capacity, as opposed to their official capacity, but Title II of the ADA does not permit suit against public officials acting in their individual capacity.  *Everson v. Leis*, 556 F.3d 484, 501 n.7, (6th Cir. 2009); see also *Burley v. Mich. Dep't of Corrections*, No. 16-cv-10712, 2016 U.S. Dist. LEXIS 184805 at *26 (E.D. Mich. Nov. 30, 2016) (attached as Exhibit 7.)  Thus, Plaintiffs' Title II claims against the individual MDHHS defendants should be dismissed.

Additionally, Plaintiffs' Title II claims fail because they have failed to allege discriminatory animus.  To establish an ADA violation, a plaintiff has the burden to demonstrate that 1) he or she is disabled; 2) that he or she is otherwise qualified; and 3) that he or she was excluded from participation in, denied benefits of, or subjected to discrimination

under a program because of his or her disability.  *Anderson v City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).  Under the third factor, Plaintiffs must allege and show that Defendants "took action because of the Plaintiff[s'] disability, i.e., the '[p]laintiff must present evidence that animus against the protected group was a significant factor in the position taken [by Defendants.]" *Id.* citing *Tucker v Tennessee*, 539 F.3d 526, 533 (6th Cir. 2008).

Plaintiffs allege they are qualified individuals with a disability. (Dkt. 1, Compl. ¶ 135 Pg. ID 33.)  But while Plaintiffs claim they were discriminated against, Plaintiffs do not allege that they were discriminated against because they are disabled; in short, they do not allege that the MDHHS Defendants acted against Plaintiffs because of Plaintiffs' disabilities.  Accordingly, Plaintiffs' Title II claims fail.

Plaintiffs also claim that the MDHHS Defendants failed to "administer services, programs, and activities in the most integrated setting appropriate" to their needs, as described in 28 C.F.R. § 35.130(d).  But here, Plaintiffs also admit that despite court-ordered hospitalization, they frequently were granted ALS, meaning they were

20

provided services in a more integrated environment.  (Dkt. 1, Compl. ¶¶ 44, 75, Pg. ID 12, 18.)

### C.    Plaintiffs fail to state a claim against the individual MDHHS Defendants because they are shielded by qualified immunity.

Public officials sued in their individual capacity may claim qualified immunity.  *Kentucky v. Graham*, 473 U.S. 159, 166-167 (1985). Qualified immunity is not merely a defense to liability but also a shield for public officials against the burdens of litigation and trial.  *Pearson v. Callahan*, 555 U.S. 223, 231-232 (2009).  It should be resolved at the earliest possible stage.  *Id.* at 232; *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

Government officials are immune from liability for civil damages for performing discretionary functions if their conduct does not violate clearly established statutory or constitutional rights that a reasonable person would know.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  A qualified immunity analysis includes two steps.  First, a court must determine whether, taken in a light most favorable to the Plaintiff, the facts alleged demonstrate that the officer violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), overruled on other grounds. Second, if the court determines that a constitutional deprivation has

been properly alleged, it must determine whether the right was clearly established within the context of the case. *Id.* at 194. This order of inquiry is not mandatory, allowing courts to exercise discretion in deciding which of the two steps of the qualified immunity analysis should be addressed first in light of the circumstances. *Pearson*, 555 U.S. at 236.

Qualified immunity "requires the courts to examine the asserted right at a relatively high level of specificity." *Cope v. Heltsley*, 128 F.3d 452, 458 (6th Cir. 1997). "The right must have been 'clearly established' not just in an abstract sense, but in a 'particularized' sense." *Id.* at 458, quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Courts apply a fact-specific, case-by-case analysis to determine whether a reasonable official in the defendant's position could have believed that her conduct was lawful. *Id.* at 458-459. Accordingly, a defendant's qualified immunity claims are analyzed to determine "whether a reasonable official in the defendant[s'] position could have believed that his conduct was lawful[.]" *Marcilis v. Twp. of Redford*, 693 F.3d 589, 598 (6th Cir. 2012).

A plaintiff bears the burden showing that the law was clearly established under this test. *Cope*, 128 F.3d at 459. Moreover, "[f]or qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law *in the circumstances*." *Id*. The unlawfulness of the alleged conduct must be apparent in the light of pre-existing law. *Wilson v. Layne*, 526 U.S. 603, 615 (1999).

At the pleading stage, claims may be dismissed under Rule 12(b)(6) due to qualified immunity if a plaintiff fails to allege facts that "[make] out a plausible claim that defendants' conduct violated a constitutional right that was clearly established at the time of the violation." *Gavitt v Born*, 835 F.3d 623, 640-641 (6th Cir. 2016); see also *Kaminski v. Coulter*, 865 F.3d 339, 344 (6th Cir. 2017).

In this case, the individual MDHHS Defendants are shielded by qualified immunity. This case involves Plaintiffs who have been given authorized leave on numerous occasions but who have violated agreements specifying conditions for that leave.

Plaintiffs sprinkled a variety of federal case citations throughout the Complaint.  None of these cases speak to a federally protected right that gives the individual MDHHS Defendants notice they could not readmit adjudicated mentally ill persons following the violation of conditions under which ALS was granted.  Plaintiffs' most direct effort to point to the federal right they believe is implicated here appears to be a citation to *Zinermon v. Burch*, 494 U.S. 113 (1990).  (Dkt. 1, Compl. ¶ 91, Pg. ID 21.)  In *Zinermon*, the Supreme Court addressed a question surrounding a patient's ability to give informed consent for a voluntary commitment.  Plaintiffs here do not allege that they were incapable of agreeing to the conditions they subsequently violated.

Seemingly cognizant of their inability to point to a clearly established federal right, Plaintiffs' Count I shuffles together the alleged state and federal law violations.  But § 1983 does not provide a remedy for alleged violations of state constitutions, laws, or procedures. *Laney v. Farley*, 501 F.3d 577, 580 (6th Cir. 2007).

## CONCLUSION AND RELIEF REQUESTED

For these reasons, this Court should dismiss Plaintiffs' claims against the MDHHS Defendants.

Respectfully submitted,

BILL SCHUETTE
Attorney General


*/s/ Katherine J. Bennett*
Katherine J. Bennett (P75913)
Darrin F. Fowler (53464)
Assistant Attorneys General
Attorneys for MDHHS Defendants
Corporate Oversight Division
P.O. Box 30755
Lansing, MI  48909
(517) 373-1160
BennettK1@michigan.gov
Dated: June 29, 2018          FowlerD1@michigan.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2018, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/ Katherine J. Bennett*
Katherine J. Bennett (P75913)
Darrin F. Fowler (53464)
Assistant Attorneys General
Attorneys for MDHHS Defendants
Corporate Oversight Division
P.O. Box 30755
Lansing, MI  48909
(517) 373-1160
BennettK1@michigan.gov
FowlerD1@michigan.gov