UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DARRYL PELICHET, *et al*.

     Plaintiffs,

v.

ROBERT GORDON, *et al*.,

     Defendants.

CASE NO. 2:18-cv-11385

HON. PAUL D. BORMAN

MAG. ANTHONY P. PATTI

**<u>MDHHS DEFENDANTS' ANSWERS TO
PLAINTIFFS' THIRD SET OF
INTERROGATORIES, SECOND
REQUESTS FOR PRODUCTION OF
DOCUMENTS, AND SECOND
REQUESTS FOR ADMISSION</u>**

---

Laurence H. Margolis (P69635)
James M. Gallagher (P73038)
Ian T. Cross (P83367)
Margolis, Gallagher & Cross
Attorneys for Plaintiffs
214 S. Main St., Suite 202
Ann Arbor, MI  48104
(734) 994-9590
larry@lawinannarbor.com
jim@lawinannarbor.com
ian@lawinannarbor.com

Loren D. Blum (P38557)
Law Offices of Christine Greig
Attorney for Defendant Hegira Programs
28411 Northwestern Hwy., Suite 640
Southfield, MI  48034
(248) 223-0120
loren.blum@libertymutual.com

Katherine J. Bennett (P75913)
Darrin F. Fowler (P53464)
Ashlee N. Lynn (P78789)
Assistant Attorneys General
Michigan Department of Attorney General
Attorneys for MDHHS Defendants
P.O. Box 30736
Lansing, MI  48909
(517) 335-7632
bennettk1@michigan.gov
fowlerd1@michigan.gov
LynnA@michigan.gov

Chris E. Davis (P52159)
Simon Zagata (P83162)
Michigan Protection & Advocacy
Service, Inc.
Attorneys for Plaintiff MPAS
4095 Legacy Parkway, Suite 500
Lansing, MI  48911
(517) 487-1755
cdavis@mpas.org
szagata@mpas.org

## **DEFINITIONS**

For the purposes of the Responses to Plaintiff's Discovery Requests the Michigan Department of Health and Human Services (MDHHS) Defendants are grouped into two categories:

1. MDHHS and Robert Gordon refers to the Michigan Department of Health and Human Services and Director Robert Gordon.

2. The NGRI Committee refers to individually named Defendants Sharon Dodd-Kimmey, Craig Lemmen, Kimberly Kulp-Osterland, Lisa Marquis, Martha Smith, David Barry, Kelli Schaefer, Joe Corso, and Diane Heisel.

## **GENERAL OBJECTIONS**

The MDHHS Defendants collectively respond to the Requests that are made subject to each of the general objections below, and to such other objections as may be stated in the specific responses to each Request.

1. MDHHS objects to the extent the Requests are overly broad, unduly burdensome, seek information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

2. MDHHS objects to each Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product privilege, or any other applicable privilege. Such information will not be produced. Additionally, any objection based on any of these privileges or protections should not be construed as a representation that such information exists or existed. Such objection indicates only that the Request is of such a scope as to embrace subject matter protected by these privileges and protections.

3. To the extent MDHHS objects to any Request as overly broad or unduly burdensome, MDHHS stands ready to meet and confer with Plaintiff concerning a reasonable limitation, if any, on the scope of the Request.

4. MDHHS objects to each Request to the extent it seeks information in the possession, custody or control of entities other than MDHHS, including

2

Plaintiff and third parties. MDHHS has no obligation to attempt to collect information from such other entities.

5. MDHHS objects to each Request to the extent it seeks information not maintained in the ordinary course of business.

6. MDHHS objects to each Request to the extent it seeks information that is publicly available and/or seeks information already within Plaintiff's knowledge, possession, custody or control.

7. MDHHS reserves the right to modify, amend, or supplement its general objections and any additional specific objections herein and any subsequent responses hereto.

8. Pursuant to Federal Rule of Evidence 403 MDHHS objects to all discovery requests relating to James Blake, and the ORR investigations into the conduct of Dr. Bavenini.  In the context of the issues involved in this lawsuit, the probative value of any such information and documents is far outweighed by the prejudice to MDHHS Defendants, should Plaintiffs attempt to introduce such material as evidence.

9. Pursuant to Fed. R. Civ. P. 26(b)(5), MDHHS objects to all discovery seeking trial preparation materials.

## PLAINTIFF'S THIRD INTERROGATORIES

## INTERROGATORY NO. 1:

Between January 1, 2015 and April 30, 2018, on how many occasions was an NGRI patient returned to Walter P. Reuther Psychiatric Hospital from Authorized Leave Status that lasted in excess of 10 days?

## RESPONSE:

**MDHHS and Gordon:** Based upon the records within the Department's possession, there were a total of 65 occasions that a NGRI patient returned to Walter P. Reuther Psychiatric Hospital from Authorized Leave Status that lasted in excess of 10 days.  In further response, 5 of those 65 times a patient was

3

returned to Walter P. Reuther Psychiatric Hospital as a respite and was approved shortly thereafter by the NGRI Committee to be released back into the community.

**The NGRI Committee:** The NGRI Committee lacks sufficient information to respond to this interrogatory and shall defer to MDHHS and Gordon's response.

## INTERROGATORY NO. 2:
Between January 1, 2015 and April 30, 2018, on how many occasions was an NGRI patient returned to Kalamazoo Psychiatric Hospital from Authorized Leave Status that lasted in excess of 10 days?

**RESPONSE:**

**MDHHS and Gordon:** Between January 1, 2015 and April 30, 2018, Kalamazoo Psychiatric Hospital had 46 NGRI patients returned from Authorized Leave Status in excess of 10 days.

**The NGRI Committee:** The NGRI Committee lacks sufficient information to respond to this interrogatory and shall defer to MDHHS and Gordon's response.

## INTERROGATORY NO. 3:

Between January 1, 2015 and April 30, 2018, how many probate court hearings were held concerning an NGRI patient's appeal of a return to Kalamazoo Psychiatric Hospital from authorized leave that lasted in excess of 10 days?

**RESPONSE:**

**MDHHS and Gordon:** Between January 1, 2015 and April 30, 2018, there were 30 probate court hearings held concerning an NGRI patient's appeal of a return to Kalamazoo Psychiatric Hospital from authorized leave that lasted in excess of 10 days.

**The NGRI Committee:** The NGRI Committee lacks sufficient information to respond to this interrogatory and shall defer to MDHHS and Gordon's response.

<u>**PLAINTIFF'S SECOND REQUESTS TO ADMIT**</u>

<u>**REQUEST FOR ADMISSION NO. 1:**</u>
Please admit that between January 1, 2015 and April 30, 2018, no probate court hearings were held concerning an appeal of a return to Walter P. Reuther Psychiatric Hospital by an NGRI patient who had been on Authorized Leave Status for an excess of ten days.

**RESPONSE:**
**MDHHS and Gordon:** Admit.
**The NGRI Committee:** The NGRI Committee lacks sufficient information to respond to this request and shall defer to MDHHS and Gordon's response.

<u>**REQUEST FOR ADMISSION NO. 2:**</u>
Please admit that the ostensible purpose of at least some of the evaluations referenced in Request to Admit 18, from Plaintiff's First Requests to Admit, is to determine whether: a) the patient continues to meet the definition of a "person requiring treatment" promulgated in M.C.L. 330.1401, and b) if the patient does meet the definition of a "person requiring treatment," if the patient's needs can be met by outpatient treatment or a combination of hospitalization and outpatient treatment, or only by hospitalization.

**RESPONSE:**
**MDHHS and Gordon:** Admit.
**The NGRI Committee:** Admit.

<u>**MDHHS DEFENDANTS' SIGNATURE PAGE TO FOLLOW**</u>