UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL PELICHET, *et al*.,

                 Plaintiffs,              Case No. 2:18-cv-11385
                                                Magistrate Judge Anthony P. Patti

v.

NICK LYON, *et al*.,

                 Defendants.

_____/

## ORDER GRANTING DEFENDANT HEGIRA PROGRAM, INC.'S MOTION (ECF No. 143) TO SET ASIDE ENTRY OF DEFAULT (ECF No. 89)

### A.    Background

Currently before the Court is Defendant Hegira Programs, Inc.'s motion to set aside entry of default. (ECF No. 143.) By way of background, Plaintiffs initiated this case on May 2, 2018 and filed proof that Defendant Hegira was served in May 2018. (ECF No. 1, ECF No. 6, PageID.213-214.) Hegira filed answers on June 6, 2018. (ECF Nos. 17, 18.)

On August 3, 2018, Plaintiffs filed a motion as to Defendants Carelink Network, Inc. and Lisa Medoff for leave to amend complaint to add more parties and to raise allegations against added parties (ECF No. 31), attached to which was a proposed first amended complaint (ECF No. 31-1). On September 13, 2018, via a text-only order, the Court granted this motion "as

1

unopposed and because 'leave shall be freely granted when justice so requires.'" Fed. R. Civ. P. 15(a)(2).

### B.    The Amended Complaint

In the wake of Plaintiffs' September 14, 2018 amended complaint (ECF No. 44), several motions to dismiss were filed (ECF Nos. 49, 56, 62, 63, 64).  The Court addressed these motions at length in September 2019. (ECF No. 90.)  Since then, only then-Defendant Stern and the MDHHS Defendants have filed an answer to the amended complaint.  (ECF Nos. 92, 96.)[1]

On September 23, 2019, *approximately one year after the amended complaint was filed*, Plaintiffs requested entry of default as to Hegira, for its failure to respond to the first amended complaint (ECF No. 44).  (ECF No. 88.)  The Clerk entered default on September 24, 2019.  (ECF No. 89.)  On September 18, 2020, *approximately one year after default was entered*, counsel entered an appearance on behalf of Defendant Hegira.  (ECF No. 131.)  On October 6, 2020, Defendant Hegira filed a witness list.  (ECF No. 139.)

---

[1] It does not appear that Hegira participated in Judge Borman's March 2019 or February 2020 hearings (ECF Nos. 82, 83, 105, 106), nor did Hegira appear before the Undersigned at the June 5, 2020 telephonic scheduling conference and motion hearing (ECF No. 126).

C.     **The Instant Motion**

Defendant Hegira's November 3, 2020 motion (ECF No. 143) to set aside alleges, *inter alia*:  "Due to the addition of unsuspected, new allegations against it, Hegira reasonably neglected to file an Answer to Plaintiffs' First Amended Complaint addressing these new allegations, having already filed an Answer to the initial Complaint.  Notwithstanding, Hegira had already generally denied the allegations presented in Plaintiffs' Counts I and II in its timely initial Answer."  (ECF No. 143, ¶ 6.)

The individual Plaintiffs have filed a response (ECF No. 146) and Defendant Hegira has filed a reply (ECF No. 147).  On January 29, 2021, I conducted a remote video motion hearing.  (ECF Nos. 150.)  Attorneys Ian T. Cross and James M. Gallagher appeared on behalf of the individual Plaintiffs, Attorney Simon Frederick Zagata appeared on behalf of Plaintiff Michigan Protection and Advocacy Service, Inc., Attorneys Thomas G. Cardelli and David Armando Occhiuto appeared on behalf of Defendant Hegira, and Assistant Attorneys General Katherine J. Bennett and Ashlee Lynn appeared on behalf of the MDHHS Defendants.

D.     **Order**

Upon consideration of the motion papers and oral argument, and for the reasons stated on the record, all of which are incorporated by reference

as if restated herein, Defendant Hegira Program, Inc.'s motion (ECF No.

143) to set aside entry of default (ECF No. 89) is **GRANTED**.

Preliminarily, to be clear, "[g]enerally, amended pleadings supersede

original pleadings." *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601,

617 (6th Cir. 2014) (citing 6 Charles Alan Wright & Arthur R. Miller,

Federal Practice and Procedure § 1476 (3d ed.2010)).  Thus, the Court is not

persuaded by Defendant Hegira's argument that Fed. R. Civ. P. 15 does not

nullify its answers (ECF Nos. 17, 18) to the original complaint.

More to the point, keeping in mind that "[t]he court may set aside an

entry of default for good cause," Fed. R. Civ. P. 55(c), and considering the

appropriate factors, all of which were discussed on the record at length

during the Court's bench ruling, *see, e.g., Dassault Systemes, SA v.*

*Childress*, 663 F.3d 832 (6th Cir. 2011) and *United Coin Meter Co. v.*

*Seaboard Coastline RR.*, 705 F.2d 839 (6th Cir. 1983), I conclude that:  **(1)**

Defendant Hegira has a meritorious defense; **(2)** the prejudice to Plaintiffs is

limited but remediable; and, **(3)** although there is a close call on whether

there was reckless disregard on the part of Hegira or its prior counsel,

Defendant Hegira has the edge.  Moreover, my decision is informed by

*United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir.

2010) ("cases discussing motions to set aside default under Rule 55(c) are

extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps."), as well as *Vance v. Rice*, 524 F. Supp. 1297, 1300 (S.D. Iowa 1981) ("[a] lawsuit is a search for the truth.").

Nonetheless, in order to ameliorate any prejudice resulting to Plaintiffs, the Court imposes the following adjustments to the case management scheduling order (ECF No. 122):  **(1)** discovery as to Hegira only (*i.e.*, discovery from Plaintiffs to Hegira or from Hegira to Plaintiffs) is extended from February 5, 2021 to **May 5, 2021**; and, **(2)** the dispositive motion deadline for all parties is extended from March 8, 2021 to **June 8, 2021** (although Hegira has waived its right to file a motion based on qualified immunity, as discussed on the record and as addressed in the Court's prior order (ECF No. 122, PageID.2825)).

Moreover, Plaintiffs' anticipated redepositions of Craig Lemmen and Marway Johnson, to be conducted solely for the purpose discovery regarding Hegira, may not exceed 2 hours each.  Additionally, Plaintiffs are permitted their two anticipated, initial depositions of Hegira representatives, each of which shall be done in accordance with Fed. R. Civ. P. 30.  Within fourteen days from the date of this order, Hegira shall reimburse counsel for the individual Plaintiffs, counsel for Plaintiff MPAS, and counsel for the

MDHHS Defendants (each of whom is represented by the Michigan

Attorney General's Office) in the amount of $2,000, which is comprised of:

(1) $1,000 in attorney fees for the redepositions of Lemmen and Johnson;

and, (2) $500 in attorney fees for each of two Hegira representative

depositions.  In other words, Hegira is to make a combined total of $6,000 in

payments.  Finally, Hegira shall cover the costs of court reporters and all

transcripts (for all parties) for these four depositions.  Hegira shall file its

answer and affirmative defenses on or before **February 12, 2021**.

      **IT IS SO ORDERED.**

Dated:  January 29, 2021          _____

                                      Anthony P. Patti
                                      UNITED STATES MAGISTRATE JUDGE