UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL PELICHET, *et al.*,

       Plaintiffs,

v.

NICK LYON, *et al.*,

       Defendants.

_____/

Case No. 2:18-cv-11385
Magistrate Judge Anthony P. Patti

### ORDER DEEMING RESOLVED IN PART, GRANTING IN PART and DENYING IN PART DEFENDANT HEGIRA PROGRAMS, INC.'S MOTION FOR A PROTECTIVE ORDER (ECF No. 161) and EXTENDING CERTAIN DEADLINES (ECF No. 151)

On February 17, 2021, the individual Plaintiffs served their first request for production of documents (Nos. 1-4). (ECF No. 161-2.) Currently before the Court is Defendant Hegira Programs, Inc.'s ("Hegira's") motion for a protective order, which requests entry of "a Protective Order forbidding Plaintiffs' discovery requests or, in the alternative, specifying terms for the discovery requests pursuant to Fed. R. Civ. Proc. 26(c)(1)." (ECF No. 161, PageID.4065.) Plaintiffs have filed a response (ECF No. 163), Defendant Hegira has filed a reply (ECF No. 165), and the parties have filed a joint statement of unresolved issues (ECF No. 166).

1

On April 21, 2021, I conducted a video conference motion hearing, at which Attorney Ian T. Cross appeared on behalf of the individual Plaintiffs, Attorney Simon Frederick Zagada appeared on behalf of Plaintiff Michigan Protection and Advocacy Service, Inc. (MPAS), Attorney Thomas G. Cardelli appeared on behalf of Defendant Hegira, and Assistant Attorneys General Katherine J. Bennett and Ashlee N. Lynn appeared on behalf of the MDHHS Defendants.

Upon consideration of the motion papers and oral argument, and <u>for the reasons stated on the record, all of which are incorporated by reference as if restated herein</u>, Defendant Hegira's motion (ECF No. 161), as narrowed by the joint statement of unresolved issues (ECF No. 166), is **DEEMED RESOLVED IN PART**, **GRANTED IN PART** and **DENIED IN PART** as follows:

- As agreed upon by the parties, Defendant Hegira will not be required to produce documents responsive to Plaintiffs' **Request to Produce #1**.

- Defendant Hegira's Claims that Plaintiff's **Requests to Produce #2 and #3** are overly broad and impose an undue burden and expense upon Hegira employees in having to individually search employee emails are **OVERRULED**. The individual Plaintiffs are entitled to the requested information under Fed. R. Civ. P. 26(b)(1), and Deborah Olexa's affidavit (ECF No. 161-3) does not support the overbreadth and unduly burdensome and expensive objections. Moreover, there were only four RTPs, and the forthcoming imposed limitations will

2

- mitigate any burden or expense. Moreover, even if fulfilling the request may be somewhat "bothersome or burdensome[,]" it is not "*unduly* so." *State Farm Mutual Ins. Co. v. Elite Health Centers, Inc.*, 364 F. Supp.3d 758, 767 (E.D. Mich. 2018) (emphasis in original). Accordingly, going back to 2011, Defendant Hegira **SHALL** respond to Requests to Produce Nos. 2 and 3 by searching email reference lines (*i.e.*, email subject fields) of the email accounts of those individuals who were part of Mr. Pelichet's and Mr. Washington's treatment teams (Case Manager, Social Worker, Psychiatrist) for any references to: **(1)** Darryl Pelichet or Bonn Washington; (2) their initials (e.g., DP, D.P., BW, B.W., etc.); and, (3) their CFP Numbers (which can be supplied by Plaintiffs' counsel). The search will be at Defendant Hegira's own cost. Of course, if the responsive documents implicate HIPPA as to other patients (*i.e.*, non-parties who have not put their treatment at issue), then Defendant Hegira may make such production subject to the stipulated protective order or redaction, as necessary (ECF No. 102).

- As agreed upon by the parties, Defendant Hegira will produce documents responsive to Plaintiffs' **Request to Produce #4**.

Defendant Hegira must serve the above-ordered discovery – written responses and production in accordance with Fed. R. Civ. P. 34 – no later than **Wednesday, May 12, 2021**. As a result of this deadline, the Court hereby extends the discovery and dispositive motions deadlines within the January 29, 2021 order (ECF No. 151, PageID.3943) as follows: **(1)** discovery as to Hegira only (*i.e.*, discovery from Plaintiffs to Hegira or from Hegira to Plaintiffs) is extended from May 5, 2021 to **Friday, May 28,**

**2021**, which includes the redepositions of Craig Lemmen and Marway Johnson; and, **(2)** the dispositive motion deadline for all parties is extended from June 8, 2021 to **Thursday, July 8, 2021**.

The Court does not award costs or expenses, as neither party prevailed in full, the parties came to the Court in good faith on a matter that required the Court's direction and they resolved half of the disputes on their own.

**IT IS SO ORDERED.**

Dated: April 21, 2021   _____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE