| | |
|---|---|
| /s/ Sharon Dodd-Kimmey<br>Sharon Dodd-Kimmey<br>The Center for Forensic Psychiatry | /s/ Kimberly Kulp-Osterland<br>Kimberly Kulp-Osterland<br>The Center for Forensic Psychiatry |
| /s/ Lisa Marquis<br>Lisa Marquis<br>The Center for Forensic Psychiatry | /s/ Martha Smith<br>Martha Smith<br>The Center for Forensic Psychiatry |
| /s/ Dave Barry<br>Dave Barry<br>The Center for Forensic Psychiatry | /s/ Kelli Schaefer<br>Kelli Schaefer<br>The Center for Forensic Psychiatry |
| /s/ Joe Corso<br>Joe Corso<br>The Center for Forensic Psychiatry | /s/ Diane Heisel<br>Diane Heisel<br>The Center for Forensic Psychiatry |
| /s/ Robert Gordon<br>Robert Gordon<br>MDHHS Director | /s/ Craig Lemmen<br>Craig Lemmen |

## SECOND REQUESTS TO PRODUCE

1. Please produce copies of any written or electronic communications between Cynthia Kelly, aka Cindy Kelly, or a representative or administrative assistant of Cynthia Kelly, and either Evette Carroll or any member or representative of the NGRI Committee between April 24, 2017 and June 24, 2017, including but not limited to communications that in any way relate or pertain Plaintiff Joshua Ragland's interactions with Monroe County CMH or to the "perpetual problem" referenced in Defendant Craig Lemmen's April 25, 2017 email to Evette Carroll.

**RESPONSE:**

The MDHHS Defendants object to this request as vague, unduly burdensome, overly broad, and harassing. Further, the MDHHS Defendants object to providing any responsive communications that are privileged, including but not limited to materials protected by the deliberative-process privilege. The MDHHS Defendants also object to providing identifying information for non-party mental health services recipients, as this information is confidential. Mich. Comp. Laws § 330.1748. To the extent such information appears in responsive

communications, it will be redacted.  Regardless, the MDHHS Defendants will endeavor to identify and produce any responsive communications between these individuals during the time frame in question that relate or pertain to Mr. Ragland and Monroe County CMH or the "perpetual problem," if any such communications exist.

2. Please produce all billing submitted by MDHHS staff or contractors to Medicare, Medicaid, private insurance, or any other financially-responsible party for services provided at WRPH for the following recipients in the following time periods:

> Darryl Pelichet for the month of October 2016.
> Darius Bickerstaff for the months of October 2018 and November 2017.
> Joshua Ragland for the months of April 2016 and April 2017.
> Bonn Washington for the month of October 2017.

**RESPONSE:**
The MDHHS Defendants object to this request as vague because it is unclear what is meant by the term "contractors."  To the extent this request asks the MDHHS Defendants to produce materials in the possession, custody, or control of third parties, MDHHS objects to this request.  The MDHHS Defendants also object because this request because it is unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Regardless, the MDHHS Defendants will endeavor to identify and produce responsive billings submitted by MDHHS staff.

3. Please produce copies of any written or electronic communications transmitted between the dates of June 15, 2017 and September 20, 2017, sent by or to Evette Carroll or any member or representative of the NGRI Committee, that in any way relate or pertain to Plaintiff Darius Bickerstaff.

**RESPONSE:**
The MDHHS Defendants object to providing any responsive communications that are privileged, including but not limited to materials protected by the deliberative-process privilege.  The MDHHS Defendants also object to providing identifying information for non-party mental health services recipients, as this information is confidential. Mich. Comp. Laws § 330.1748. To the extent such information appears in responsive communications, it will be redacted.  Regardless, the MDHHS Defendants will endeavor to identify and

produce responsive communications.

4.  Please produce any email chains in which the present litigation, or any of the
    ORR reports attached to the Complaint, were mentioned, and in which at least
    one of the following departmental email addresses was a recipient of one or
    more of the messages in the chain:

    BavineniA@michigan.gov
    CarrollE2@michigan.gov
    AdamsE3@michigan.gov
    lemmenc@michigan.gov
    SolkyM@michigan.gov
    MedoffL@michigan.gov
    Schaeferk@michigan.gov

**RESPONSE:**

The MDHHS Defendants object to this request as vague, unduly burdensome,
overly broad, and harassing.  Further, the MDHHS Defendants object to
providing any responsive communications that are privileged, including but not
limited to materials protected by the deliberative-process privilege and the
attorney/client privilege.  The MDHHS Defendants also object to providing
identifying information for non-party mental health services recipients, as this
information is confidential. Mich. Comp. Laws § 330.1748.  To the extent such
information appears in responsive communications, it will be redacted.  The
MDHHS Defendants also object on the grounds that this request appears to be an
improper request for trial preparation materials under Fed. R. Civ. P. 26(b)(5).
The MDHHS Defendants will not produce all responsive email chains in which
"the present litigation" is mentioned.  However, the MDHHS Defendants will
endeavor to identify and produce responsive email chains in which "any of the
ORR reports attached to the Complaint" is mentioned, provided the emails
chains were created prior to the commencement of this litigation.

5.  In response to Request to Admit No. 25, you indicated that while the NGRI
    Committee did not file any clinical certificates between 01/01/2015 and
    04/30/2018 recommending discharge of an NGRI patient housed at WRPH, the
    NGRI Committee had approved the discharge of such patients prior to the hearing.
    You made a similar representation in your response to Request to Admit No. 28.
    Please produce any written or electronic communications transmitted between
    01/01/2015 and 04/30/2018, between any member or representative of the NGRI

Committee and any MDHHS employee contemporaneously stationed at WRPH, in which the unconditional discharge (not a release on an ALS contract) of an NGRI patient housed at WRPH was discussed or approved. You may redact the name of the patient.

**RESPONSE:**

The MDHHS Defendants object to this request as vague, unduly burdensome, overly broad, and harassing.  Further, the MDHHS Defendants object to providing any responsive communications that are privileged, including but not limited to materials protected by the deliberative-process privilege.  The MDHHS Defendants also object to providing identifying information for non-party mental health services recipients, as this information is confidential. Mich. Comp. Laws § 330.1748.  To the extent such information appears in responsive communications, it will be redacted.  The MDHHS Defendants also object to the request because it is unclear what is meant by the term "unconditional discharge."  Regardless, the MDHHS Defendants will endeavor to identify and produce responsive communications.

<div style="margin-left: 50%;">

Respectfully submitted,

Dana Nessel
Attorney General

*/s/ Katherine J. Bennett*
Katherine J. Bennett (P75913)
Darrin F. Fowler (P53464)
Ashlee N. Lynn (P78789)
Michigan Dep't of Attorney General
Assistant Attorneys General
Attorneys for MDHHS Defendants'
P.O. Box 30736
Lansing, MI 48909
(517) 335-7632
Bennettk1@michigan.gov
FowlerD1@michigan.gov
lynna@michigan.gov

</div>

Dated: August 24, 2020