U.S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DARRYL PELICHET, *et al.*,

          Plaintiffs,

v.

ROBERT GORDON, *et al.*,

          Defendants.

CASE NO. 2:18-cv-11385

MAG. ANTHONY P. PATTI

Laurence H. Margolis (P69635)
James M. Gallagher (P73038)
Ian T. Cross (P83367)
Margolis, Gallagher & Cross
Attorneys for Plaintiffs
214 S. Main St., Suite 202
Ann Arbor, MI 48104
(734) 994-9590
larry@lawinannarbor.com
jim@lawinannarbor.com
ian@lawinannarbor.com

Thomas G. Cardelli (P31728)
Anthony F. Caffrey III (P60531)
Cardelli Lanfear. P.C.
Attorneys for Defendant Hegira
322 W. Lincoln Ave
Royal Oak, MI 48067
(248) 544-1100
(248) 544-1191 Fax
tcardelli@cardellilaw.com
acaffrey@cardellilaw.com

## DEFENDANT HEGIRA'S MOTION FOR PARTIAL RECONSIDERATION OF OPINION AND ORDER GRANTING IN PART and DENYING IN PART DEFENDANT HEGIRA'S MOTION FOR SUMMARY JUDGMENT

Defendant Hegira Programs, Inc. ("Hegira"), through its attorneys, Cardelli Lanfear, P.C., hereby moves this Honorable Court to partially reconsider, pursuant to LR 7.1(h)(3)., its Opinion and Order Granting in Part and Denying in Part Defendant Hegira's Motion for Summary Judgment (Exhibit 1).

Specifically, Hegira observes that, in denying Hegira's motion for summary judgment as to procedural due process, Plaintiffs failed to present any evidence that any event ever occurred without their first receiving notice and an opportunity to be heard. In addition, although Plaintiffs reviewed numerous court cases to find orders on NGRI cases, they neglected to mention that the standard SCAO Order requires the judge to confirm that notice was provided. In addition, that form would indicate whether the individual was present and/or represented by counsel. There is absolutely no reason to believe that Plaintiffs were denied procedural due process and this Court erred in denying summary disposition regarding same.

In addition, in denying Hegira's motion for summary disposition as to substantive due process claims, this Court palpably erred in (a) allowing Plaintiffs to establish a question of fact based on summary evidence, even though the cases cited by Plaintiffs to purportedly allow such a ruling did not involve substantive due process and did not support such a conclusion; and (b) Plaintiffs failed to produce other evidence to substantiate a personal deprivation of substantive due process, that they opposed Hegira's recommendations, or even that they disagreed with any of Hegira's recommendations that they now contend were violate of substantive due process.

Accordingly, Hegira respectfully requests that this Honorable Court partially reconsider its ruling by granting Hegira's motion for summary judgment as to the procedural and substantive due process claims.

Respectfully Submitted,

**CARDELLI LANFEAR, P.C.**

By:   */s/ Anthony F. Caffrey III*
Thomas G. Cardelli (P31728)
Anthony F. Caffrey, III (P60531)
Attorneys for Hegira
322 W. Lincoln Ave.
Royal Oak, MI 48067
(248) 544-1100
(248) 544-1191 Fax
tcardelli@cardellilaw.com
acaffrey@cardellilaw.com

Dated: August 9, 2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DARRYL PELICHET, *et al.*,

       Plaintiffs,

v.

ROBERT GORDON, *et al.*,

       Defendants.

CASE NO. 2:18-cv-11385

MAG. ANTHONY P. PATTI

---

Laurence H. Margolis (P69635)
James M. Gallagher (P73038)
Ian T. Cross (P83367)
Margolis, Gallagher & Cross
Attorneys for Plaintiffs
214 S. Main St., Suite 202
Ann Arbor, MI 48104
(734) 994-9590
larry@lawinannarbor.com
jim@lawinannarbor.com
ian@lawinannarbor.com

Thomas G. Cardelli (P31728)
Anthony F. Caffrey III (P60531)
Cardelli Lanfear. P.C.
Attorneys for Defendant Hegira
322 W. Lincoln Ave
Royal Oak, MI 48067
(248) 544-1100
(248) 544-1191 Fax
tcardelli@cardellilaw.com
acaffrey@cardellilaw.com

---

**<u>BRIEF IN SUPPORT OF DEFENDANT HEGIRA'S PARTIAL MOTION
FOR RECONSIDERATION OF OPINION AND ORDER GRANTING IN
PART and DENYING IN PART DEFENDANT HEGIRA'S MOTION FOR
SUMMARY JUDGMENT</u>**

i

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................... iii

STATEMENT OF THE ISSUES PRESENTED..................................................... ivv

INTRODUCTION ........................................................................................1

STATEMENT OF FACTS ............................................................................1

ARGUMENT ..............................................................................................6

   I.   THIS COURT PALPABLY ERRED IN DENYING HEGIRA'S MOTION
      FOR SUMMARY JUDGMENT AS TO PROCEDURAL DUE PROCESS
      AND SHOULD RECONSIDER SAME, GIVEN THE COURT RECORDS
      SHOWING NUMEROUS EVENTS/HEARINGS WHERE PLAINTIFFS
      WERE REPRESENTED BY COUNSEL AND WHERE THE SCAO FORM
      ORDER REQUIRES A JUDGE TO CONFIRM PROOF OF SERVICE
      BEFORE ENTERING SAME..........................................................................6

  II.   THIS COURT PALPABLY ERRED IN DENYING HEGIRA'S MOTION
      FOR SUMMARY JUDGMENT AS TO SUBSTANTIVE DUE PROCESS
      AND SHOULD RECONSIDER SAME, WHERE THE ANALYSIS
      CONFLATES PROCEDURAL AND SUBSTANTIVE DUE PROCESS,
      WHERE THIS COURT ERRONEOUSLY ACCEPTED PLAINTIFFS'
      INVITATION TO CONSIDER NON-SPECIFIC EVIDENCE TO FIND A
      QUESTION OF FACT, NOTWITHSTANDING THE PERSONAL
      NATURE OF A SUBSTANTIVE DUE PROCESS CLAIM.........................8

CONCLUSION ..........................................................................................15

# TABLE OF AUTHORITIES

## Cases

*Allen v. Cuddie*, ___F. Supp. 3d___; 2020 U.S. Dist. LEXIS 133195, at *17 (E.D. Mich., June 24, 2020) ........................................................................................6

*Bartell v. Lohiser*, 215 F.3d 550, 557-58 (6th Cir. 2000) ...........................................9

*State Farm Mut. Auto. Ins. Co. v. Elite Health Ctrs., Inc.*, 2019 U.S. Dist. LEXIS 110767 at *6-7, *49 (E.D. Mich. 2019) ...............................................10

*United States v. Godofsky*, 943 F.3d 1011, 1028-29 (6th Cir. 2019) .............. 10, 12

*United States v. Leal*, 75 F.3d 219, 223 (6th Cir. 1996) .................................. 10-12

## Statutes

29 U.S.C. § 841(a)(1) ...................................................................................11

Fed. R. Civ. Proc. 56. ...................................................................................1

LR 7.1(h)(3). ...................................................................................................5

M.C.L. 768.21a. .............................................................................................2

M.C.L. 330.1400. ...........................................................................................3

M.C.L. 330.1401. ...........................................................................................3

## <u>STATEMENT OF THE ISSUES PRESENTED</u>

**I.   WHETHER THIS COURT PALPABLY ERRED IN DENYING HEGIRA'S MOTION FOR SUMMARY JUDGMENT AS TO PROCEDURAL DUE PROCESS AND SHOULD RECONSIDER SAME, GIVEN THE COURT RECORDS SHOWING NUMEROUS EVENTS/HEARINGS WHERE PLAINTIFFS WERE REPRESENTED BY COUNSEL AND WHERE THE SCAO FORM REQUIRES A JUDGE TO CONFIRM PROOF OF SERVICE BEFORE ENTERING SAME**

Hegira Answers:                     Yes.

Plaintiffs will Answer:          No.

This Court should Answer:  Yes

**II.   WHETHER THIS COURT PALPABLY ERRED IN DENYING HEGIRA'S MOTION FOR SUMMARY JUDGMENT AS TO SUBSTANTIVE DUE PROCESS AND SHOULD RECONSIDER SAME, WHERE THE ANALYSIS CONFLATES PROCEDURAL AND SUBSTANTIVE DUE PROCESS, WHERE THIS COURT ERRONEOUSLY ACCEPTED PLAINTIFFS' INVITATION TO CONSIDER NON-SPECIFIC EVIDENCE TO FIND A QUESTION OF FACT, NOTWITHSTANDING THE PERSONAL NATURE OF A SUBSTANTIVE DUE PROCESS CLAIM**

Hegira Answers:                     Yes.

Plaintiffs will Answer:          No.

This Court should Answer:  Yes.

## INTRODUCTION

This case arises out of alleged federal constitutional and statutory violations against by numerous entities and individuals, including Hegira Programs, Inc. (hereinafter "Hegira").  This Court has recently denied Hegira's motion for summary judgment as to the claims of procedural due process, substantive due process, and as to the *Olmsted* claims (Exhibit 1).  Hegira respectfully contends that this Court has erred in so ruling.  Accordingly, Hegira moves this Court to partially reconsider its ruling and grant Summary Judgment pursuant to Fed. R. Civ. Proc. 56.

## STATEMENT OF FACTS

Hegira is a behavioral healthcare organization and Michigan 501(c)(3) nonprofit corporation that that specializes in providing a variety of mental health and substance abuse treatment services to individuals of all ages, dedicated to achieving wellness first.[1]  As part of its behavioral health services, and as it relates to the instant action, Hegira, as a Community Mental Healthcare Service Provider, subcontracted with CareLink Network, Inc. ("CareLink"), a previous party to this litigation and the organization that contracted with the Detroit Wayne Mental Health Authority ("DWMHA") to treat individuals adjudicated Not Guilty by Reason of Insanity ("NGRI")(See CareLink Contract, Exhibit A).   As part of this subcontract

---

[1] https://www.hegirahealth.org/about-hegira.

agreement, Hegira, an independent entity, was to provide community-based healthcare services to NGRI patients.[2]

As discussed in the First Amended Complaint, and accurately delineated by Michigan Department of Health and Human Services ("MDHHS") in its Motion to Dismiss, Plaintiffs Pelichet and Washington[3] are two individuals who were adjudicated NGRI (Doc # 44 Pg. ID 890-900, 905-907; see also Doc #56 Pg. ID 1273-1275). Plaintiff Pelichet and Plaintiff Washington suffer from schizophrenia disorder (Doc #44, Pg ID 890-892; 905) and were charged with assaultive criminal offenses.  (*Id.*)  After Plaintiffs Pelichet and Washington were adjudicated NGRI, they were civilly committed to Walter P. Reuther Psychiatric Hospital ("WPRH").

It should be noted that both Plaintiffs were convicted of violent crimes before being adjudicated to have a sufficient "insanity" to deem them not responsible for their criminal and violent actions.  Under Michigan law, a person can raise a defense of "not guilty by reason of insanity" if that "person lacks substantial capacity either to appreciate the nature and quality or the wrongfulness of his or her conduct or to conform his or her conduct to the requirements of the law."  M.C.L. 768.21a.  As it relates to Pelichet and Washington, they were able to avoid criminal punishment for

---

[2] Former Defendant CareLink Network, Inc. provided an accurate overview of the Administration of Medicaid-based health services in Michigan, and thus Hegira will spare this Court the time in re-delineating the same. Doc # 62, Pg. ID 1390-1394.

[3] Of the four named plaintiffs, Hegira only provided treatment to two: Darryl Pelichet ("Plaintiff Pelichet") and Bonn Washington ("Plaintiff Washington").

acts based on the affirmative decision to plead and pursue a defense that they had such a mental illness.  But, to avoid criminal responsibility, an individual cannot merely claim stress, depression, or anxiety.  Instead, a significant mental illness is required.

Elsewhere, Michigan law defines a "person requiring treatment" as one of the following:

> (a) An individual who has mental illness, and who as a result of that mental illness can reasonably be expected within the near future to intentionally or unintentionally seriously physically injure himself, herself, or another individual, and who has engaged in an act or acts or made significant threats that are substantially supportive of the expectation.
> (b) An individual who has mental illness, and who as a result of that mental illness is unable to attend to those of his or her basic physical needs such as food, clothing, or shelter that must be attended to in order for the individual to avoid serious harm in the near future, and who has demonstrated that inability by failing to attend to those basic physical needs.
> (c) An individual who has mental illness, whose judgment is so impaired by that mental illness, and whose lack of understanding of the need for treatment has caused him or her to demonstrate an unwillingness to voluntarily participate in or adhere to treatment that is necessary, on the basis of competent clinical opinion, to prevent a relapse or harmful deterioration of his or her condition, and presents a substantial risk of significant physical or mental harm to the individual or others.  [M.C.L. 330.1401.]

Similarly, Michigan law also defines "[m]ental illness" to mean "a substantial disorder of thought or mood that significantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life."  M.C.L. 330.1400.

It is against the backdrop of a recent determination of such severe mental illness than Hegira even becomes relevant.   Both Plaintiffs had been released from confinement at WPRH to live in the community subject to hospital oversight pursuant to agreements known as Authorized Leave Status ("ALS") contracts, as already noted by this Court. (Doc #87, Pg ID 2346-2347).

There is not a scintilla of evidence that Hegira was responsible for Plaintiffs choosing to enter into these agreements.  The contracts were not drafted by Hegira. Hegira was a contracting party.  In denying Hegira's motion for summary judgment, this Court commented that Plaintiffs might have been compelled to sign the agreements.   See Opinion, Exhibit 1, 35.[4]  But there is no evidence of such compulsion in these instances, nor is there any evidence that any of this compulsion would have come from Hegira.  Hegira had nothing to do with Plaintiffs entering into these contracts and any such compulsion issues should be addressed to another party or non-party.

Moreover, Hegira had a contractual duty to Plaintiffs to comply with the letter and spirit of those contracts.  If Hegira failed to protect Plaintiffs (and others) from Plaintiffs, they could have been sued by Plaintiffs (and others) for failing to do so.

---

[4] "For purposes of summary judgment, enough of an issue of voluntariness has been raised for that question to be decided at trial, particularly in the context of a psychiatric patient having to "choose" between signing a document that allows him to be in the community verses not signing and being confined to a mental institution as an inpatient.  It is not hard to see how that would be coercive."

If that were not enough, Plaintiffs failed to introduce any evidence that they were not provided notice and an opportunity to be heard relative to any action taken against them.  Plaintiffs also failed to introduce any evidence that would suggest that they opposed any of the recommendations made by Hegira.  If, as Plaintiffs claim, Hegira did not exercise their professional judgment with respect to Plaintiffs, there should be some evidence of same to support that conclusion.  Plaintiffs do not present evidence to suggest that any specific decision recommended by Hegira was not, as a matter of fact, correct.

## STANDARD OF REVIEW

LR 7.1(h)(3) allows for reconsideration where there has been a "palpable defect[s] by which the Court and the parties and other persons entitled to be heard on the motion have been misled" and that "correcting the defect[s] will result in a different disposition of the case."

## ARGUMENT

**I.   THIS COURT PALPABLY ERRED IN DENYING HEGIRA'S MOTION FOR SUMMARY JUDGMENT AS TO PROCEDURAL DUE PROCESS AND SHOULD RECONSIDER SAME, GIVEN THE COURT RECORDS SHOWING NUMEROUS EVENTS/HEARINGS WHERE PLAINTIFFS WERE REPRESENTED BY COUNSEL AND THE SCAO FORM REQUIRES A JUDGE TO CONFIRM PROOF OF SERVICE BEFORE ENTERING SAME**

In denying Hegira's motion for summary judgment as to Procedural Due Process, this Court observed that the parties failed to directly address the issue of notice and an opportunity to be heard.  Hegira notes that not only have Plaintiffs failed to show that they were not deprived of notice and an opportunity to be heard, there is ample reason to not even find a question of fact on this issue.

This Court's Opinion and Order denying summary judgment observed that the parties did not adequately address the issue of "notice" and an "opportunity to be heard."  See Opinion, Exhibit 1, 20.  Indeed, procedural due process "generally requires that the state provide a person with notice and an opportunity to be heard before depriving that person of a property or liberty interest."  *Allen v. Cuddie*, ___F. Supp. 3d___; 2020 U.S. Dist. LEXIS 133195, at *17 (E.D. Mich., June 24, 2020)(quotations omitted).  Here, there is absolutely no evidence that Plaintiffs were deprived of notice and an opportunity to be heard.

First, it should be noted that Plaintiffs have not submitted any evidence even suggesting that they were deprived of notice and an opportunity to be heard relative to any material event. The record is silent as to any deprivation in that regard.

Second, when looking at the probate court record for Plaintiff Washington, it shows numerous events over a many year period. Washington Probate Court Record, Exhibit 2. Many of these events were initiated by Plaintiff Washington's counsel as a motion for discharge—entirely undermining any concern that he did not have notice and an opportunity to be heard.

Third, Hegira observes that a September 2012 order to continue hospitalization is on a SCAO form. Washington 2012 Order, Exhibit 3. This Order has a specific entry whereby the judge entering the Order must confirm that service was accomplished. See *id*. at line 4. Inasmuch as the Order requires a trial court's certification that service of notice of the event was accomplished, there should be no concern regarding notice and an opportunity to be heard at the event.

Of course, in this September 2012 event, Plaintiff Washington was represented by counsel, Sam Heck. *Id*. Attorney Heck's attendance removes all doubt that Plaintiff Washington could was provided notice and was given the opportunity to be heard. Even worse, Plaintiff Washington stipulated to the entry of the September 2012 order! See *id*. at Line 7. Thus, not only was Plaintiff

Washington given notice and an opportunity to be heard, he stipulated to that very relief! And he did so with the advice of counsel.

Inasmuch as Plaintiffs have reviewed the court records to generate their summary of events, Plaintiffs should have had no difficulty finding these orders to confirm the issues of notice, opportunity to be heard, representation, and stipulations as to every event they find actionable. They have not done so. This Court can only conclude that Plaintiffs were provided notice and an opportunity to be heard at all stages.[5] Hegira respectfully requests that this Honorable Court reconsider its denial of Hegira's motion for summary judgment and conclude that Plaintiffs' procedural due process claims must be dismissed for lack of merit.

## II. THIS COURT PALPABLY ERRED IN DENYING HEGIRA'S MOTION FOR SUMMARY JUDGMENT AS TO SUBSTANTIVE DUE PROCESS AND SHOULD RECONSIDER SAME, WHERE THE ANALYSIS CONFLATES PROCEDURAL AND SUBSTANTIVE DUE PROCESS, WHERE THIS COURT ERRONEOUSLY ACCEPTED PLAINTIFFS' INVITATION TO CONSIDER NON-SPECIFIC EVIDENCE TO FIND A QUESTION OF FACT, NOTWITHSTANDING THE PERSONAL NATURE OF A SUBSTANTIVE DUE PROCESS CLAIM

In denying summary judgment, this Court opined that Plaintiffs created a question of fact regarding deprivation of substantive due process. The problem is that Plaintiffs never established the error of Hegira's recommendations as to

_____

[5] Hegira notes that it also provided notice of even medical coverage related issues. See Washington Notice, Exhibit 4.

8

Plaintiffs, as is required.  This Court further erred in allowing Plaintiffs to create a question of fact by referencing summary evidence of events involving other individuals, particularly where Plaintiffs cited caselaw that does not truly allow same.  Thus, this Court should reconsider its ruling and grant summary judgment to Hegira as to Plaintiffs' substantive due process allegations.

As a preliminary matter, this Court's opinion and order devoted little attention to the proofs required to sustain a substantive due process claim.  See generally Opinion, Exhibit 1.  Plaintiff's summary judgment brief did not address the proof requirements either.  In *Bartell v. Lohiser*, 215 F.3d 550, 557-58 (6th Cir. 2000), the Court of Appeals explained as follows:

> While procedural due process principles protect persons from deficient procedures that lead to the deprivation of cognizable liberty interests, see *Mathews v. Eldridge*, 424 U.S. 319, 333-34, 47 L. Ed. 2d 18, 96 S. Ct. 893 (1976), substantive due process provides that, irrespective of the constitutional sufficiency of the processes afforded, government may not deprive individuals of fundamental rights unless the action is necessary and animated by a compelling purpose. See *Washington v. Glucksberg*, 521 U.S. 702, 721, 138 L. Ed. 2d 772, 117 S. Ct. 2258 (1997).

Here, Plaintiffs claimed both violations of procedural and substantive due process.  However, in arguing that there was a question of fact regarding substantive due process, Plaintiffs could only point to vague generalities and statistical summaries, none of which was particularized to Plaintiffs.

Indeed, one would have expected Plaintiffs to argue that they, at some specific point in time, were at a condition that did not require hospitalization—but the recommendation was made to continue hospitalization.  Instead, Plaintiffs persuaded this Court to accept statistical and summary evidence as a substitute for evidence of substantive due process—citing cases that do not support the position that substantive due process can be proven in such a manner:

> A large set of patients all receiving identical or nearly identical treatment recommendations typically supports an inference that *each* treatment recommendation was not based on bona-fide professional judgment. See, e.g. *United States v. Leal*, 75 F.3d 219, 223 (6th Cir. 1996); *United States v. Godofsky*, 943 F.3d 1011, 1028-29 (6th Cir. 2019); *State Farm Mut. Auto. Ins. Co. v. Elite Health Ctrs., Inc*., 2019 U.S. Dist. LEXIS 110767 at *6-7, *49 (E.D. Mich. 2019).  [Plaintiff's summary judgment brief, 14.]

However, none of the three cases cited by Plaintiffs involved due process issues or even determinations regarding specific events.

In two of these cases (*Leal* and *Godofsky*),[6] the issues presented involved a pharmacist or physician charged with participating in a "pill mill," where patients would be able to obtain prescription drugs (often with street value) without a legitimate showing of a true need.  Neither case involved a claim by a specific individual that the physician or pharmacist somehow wronged him or her.  Neither

---

[6] Plaintiff citation to the *State Farm* case is quite perplexing.  The citation is to this Court's opinion and order resolving a motion to compel documents in a fraud case against Attorney Mike Morse, among others.  The pinpoint citations do not suggest any potential relevance either.

case involved a claim by a recipient of services that a specifically issued prescription was improperly provided to them.  Instead, the issue was whether sufficient evidence had been presented to support the criminal convictions by the juries on those cases.

In *Leal*, a pharmacist appealed his conviction of 16 of 87 indicted counts of violating 21 U.S.C. § 841(a)(1) for running a "pill mill" (i.e. illegally distributing controlled substances)  *Veal, supra* at 219.  The Sixth Circuit observed that the conviction would be proven based on the following:

> The government needed to show here that the prescriptions filled by Leal were not issued for a valid medical purpose, and that Leal knew the prescriptions were invalid. *United States v. Hughes*, 895 F.2d 1135, 1143 n.11 (6th Cir. 1990). The government could also have shown that Leal should have known that the prescriptions were invalid, but "deliberately closed [his] eyes to what would otherwise have been obvious." *United States v. Seelig*, 622 F.2d 207, 213 (6th Cir.), cert. denied, 449 U.S. 869, 66 L. Ed. 2d 89, 101 S. Ct. 206 (1980). "Circumstantial evidence alone can sustain a guilty verdict and . . . to do so, circumstantial evidence need not remove every reasonable hypothesis except that of guilt." *United States v. Stone*, 748 F.2d 361, 362 (6th Cir. 1984), cert. denied, 498 U.S. 822, 112 L. Ed. 2d 45, 111 S. Ct. 71 (emphasis in original). [*Id*. at 222.]

From there, the Sixth Circuit analyzed the volume of evidence showing a relationship between the pharmacist and one specific physician (who fled the country during an investigation) with very suspicious prescription-writing activity. The Court disagreed that there was insufficient evidence to support the jury's convictions on some of the charges.  Nowhere does it indicate that any specific

prescription to any specific person was deemed to have been illegally distributed based on this large volume of total prescriptions.

In *Godofsky*, a physician appealed his conviction on five charges of illegal distribution of controlled substances, notwithstanding proof that he had issued an average of 50 prescriptions per day during his brief employment (6,000 total prescriptions). Nowhere in *Godofsky* does it indicate that any *specific prescription* to a specific person was deemed to have been illegally distributed based on this large volume of total prescriptions. Neither *Leal*, nor *Godofsky*, supports a conclusion that this Court may infer that a volume of actions may control the legitimacy of any one single action. None of the cases cited by Plaintiffs go one step beyond that and support a conclusion that a plaintiff may satisfy a violation of his own due process rights by pointing to a volume of activity as to numerous other individuals. This Court erred in ruling that, as a matter of law, Plaintiffs could create a question of fact by pointing to a statistical analysis of a bulk of decisions.

Frankly, it should not be surprising that Hegira frequently recommended ongoing hospitalization for individuals that had recently been diagnosed insane as part of criminal proceedings  The public at large would likely be concerned about the legitimacy of the "not guilty by reason of insanity" if it was just a fleeting mental issue. That specific plea is not a turnstile for releasing violent offenders back into society quickly, but a plan to allow for professionally guided, incremental

12

reintroduction into society.  Regardless, a due process claim is a personal one.  It is axiomatic that a person cannot seek damages for a deprivation of someone else's due process.  The statistical analysis is simply not relevant to any issue involving these individual Plaintiffs.

In addition, it should be noted that there is no evidence that Plaintiffs ever requested a different disposition than what they ultimately received.  For example, one would have expected evidence that, before a specific Hegira recommendation for hospitalization, each Plaintiff suggested or communicated in some manner a disagreement with the recommendation.  There is no such evidence of any Plaintiff's disagreement with any specific Hegira recommendation before or after the recommendation was made.  As noted above, there were at least some instances where Plaintiffs stipulated to the events that they now contend were violative of their rights.  Plaintiffs have not even established that they ever even <u>thought</u>[7] that the recommendation for hospitalizations were disagreeable at the time it was made.[8]  If Plaintiffs did not deem themselves to no longer require hospitalization, it is quite

---

[7] Again, Hegira had a contractual duty to Plaintiffs to comply with the letter and spirit of those contracts.  Hegira was required to protect Plaintiffs and also protect others.

[8] And the record does establish that Plaintiff Pelichet eventually disagreed with his hospitalization, took legal action with respect to same, was supported by Hegira in his efforts to that effect, and was ultimately determined to no longer need hospitalization.

absurd to contend that they were deprived of their substantive due process rights based on the ongoing hospitalization.

Finally, Plaintiffs cited no authority suggesting that a recommendation in Court is tantamount to a deprivation of substantive due process. This Court did not *sua sponte* cite authority to support such a conclusion either. The very nature of the court system is to allow litigants and petitioners to seek relief, with the judge acting as the gatekeeper and ultimate decision-maker. Hegira's recommendations did not deprive Plaintiffs of their substantive due process rights, particularly where they were not opposed. In sum, there is no evidence and was no evidence to support a conclusion that Plaintiffs were deprived of substantive due process. To the extent that this Court erroneously construed otherwise, Hegira respectfully requests that this Honorable Court reconsider its ruling and grant its motion for summary judgment as to this cause of action.

## CONCLUSION

Defendant Hegira Programs, Inc., respectfully requests this Honorable Court grant its Motion for Reconsideration and grant Hegira's Motion for Summary Judgment as set forth above.

Respectfully Submitted,

**CARDELLI LANFEAR, P.C.**

By: */s/ Anthony F. Caffrey III*
Thomas G. Cardelli (P31728)
Anthony F. Caffrey III (P60531)
Attorneys for Hegira
322 W. Lincoln Ave.
Royal Oak, MI 48067
(248) 544-1100
tcardelli@cardellilaw.com
Dated: August 9, 2022          acaffrey@cardellilaw.com

## CERTIFICATE OF SERVICE

I, Lisa Maynard, hereby certify that on the 9th day of August 2022 a copy of Defendant Hegira's Motion for Partial Reconsideration of Opinion and Order Granting in Part and Denying in Part Defendant Hegira's Motion for Summary Judgment was served upon counsel of record via the courts ECF system. I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge, and belief.

/s/ Lisa Maynard
Lisa Maynard, Legal Assistant