UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL PELICHET,
BONN WASHINGTON,
JOSHUA RAGLAND,
DARIUS BICKERSTAFF,
through his guardian
FRANK BICKERSTAFF, and
MICHIGAN PROTECTION
AND ADVOCACY SERVICE,
INC.,

    Plaintiffs,

v.

ELIZABETH HERTEL, *et al.*,

    Defendants.

_____/

Case No. 2:18-cv-11385
Honorable Anthony P. Patti

**MEMORANDUM ORDER DENYING DEFENDANT HEGIRA'S MOTION FOR PARTIAL RECONSIDERATION (ECF No. 203)**

Defendant Hegira Programs, Inc. ("Hegira"), the only remaining defendant in this case, moves for partial reconsideration of this Court's recent denial of Hegira's motion for summary judgment. (ECF Nos. 201-203.) Hegira misapprehends the standard of review for such a motion under Local Rule 7.1(h), repeatedly urging that the Court "palpably erred" in denying summary judgment on Plaintiffs' procedural and substantive due process claims. The standard which actually applies is as follows:

1

>   **(2)  Non-Final Orders.** Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
>
>   (A)  The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
>   (B)  An intervening change in controlling law warrants a different outcome; or
>
>   (C)  New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2) (effective Dec. 1, 2021).  Based upon this standard, and because neither an intervening change in controlling law warranting a different outcome nor new facts that could not have been previously discovered with reasonable diligence have come to light favoring a different outcome, the Court assumes Hegira contends the Court made a mistake, based on the record before it at the time of its summary judgment decision, which would affect the outcome if corrected.  E.D. Mich. LR 7.1(h)(2)(A).  However, Hegira fails to demonstrate such a mistake.

Hegira limits its request for reconsideration to errors it argues that the Court made with respect to its rulings on procedural and substantive due process.  With respect to procedural due process, Hegira correctly notes that the Court previously observed, "neither Hegira nor the individual plaintiffs adequately address the central elements of notice and an opportunity to be heard."  (ECF No. 201, PageID.6895.)  The Court went on to find:  "Still, Defendant Hegira has not shown

2

its entitlement to summary judgment on Plaintiffs' procedural due process claim." (*Id*.)  Hegira does not show here how the Court's earlier conclusion was mistaken. Instead, Hegira now attempts to address what went unaddressed before.  Or, to put it another way, Hegira attempts to provide more robust briefing in an attempted second bite at the apple.  (*See* ECF No. 203, PageID.6933-6935.)  For example, Hegira now points out alleged inadequacies in Plaintiff's evidence and attempts to inject and characterize probate court records and SCAO forms into the discussion.[1] But a motion for reconsideration is not a vehicle for re-briefing or bolstering prior inadequacies in briefing.  Hegira's burden on the initial motion for summary judgment was to show the lack of a fact question, whereas its burden here is to show a mistake by the Court in its original ruling.  Hegira has accomplished neither.

In seeking reconsideration of the Court's ruling on substantive due process, Hegira again seeks a "do-over."  (*See id*., PageID.6935-6941.)  However, that is not the purpose of a motion for reconsideration.  Discussing or now trying to

---

[1] (*See* ECF Nos. 203-2 [Washington's Case Details for File No. 1999-604747-MI (Wayne County Probate Court)], 203-3 [Washington's 2012 Continuing Order for Treatment (SCAO Form PCM219) in File No. 1999-604747-MI (Wayne County Probate Court)], 203-4 [Hegira's June 2011 "Advance Notice of Action" as to Washington].)

distinguish several cases it did not address in its earlier briefing,[2] and also mentioning "the proofs required to sustain a substantive due process claim[,]" a point not previously or adequately addressed in Hegira's earlier briefing, Hegira here attempts to more efficaciously plow over the same ground addressed in its underlying dispositive motion, particularly by attacking the adequacy of Plaintiff's evidence, although without showing a material mistake by the Court in its July 26, 2022 decision. (*See* ECF No. 203, PageID.6936-6939.) Indeed, Hegira now attempts to inject new evidence not previously raised (without citation), namely that Hegira itself at one point supported Plaintiff Pelichet in his resistance of a hospitalization effort, without a showing that this fact was not previously discoverable through reasonable diligence. (*Id*., PageID.6940, n.8.) *See* E.D. Mich. LR 7.1(h)(2)(C). Hegira seems to suggest that Plaintiffs' statistical evidence, standing alone, is inadequate to support their substantive due process claim. (*Id*., PageID.6940.) This misinterprets the basis of the Court's prior ruling. The Court neither ruled that Plaintiffs would ultimately prevail nor hinged its ruling solely upon statistical evidence; rather, the Court found that Plaintiffs had adequately created a genuine and material issue of disputed fact for trial through its

---

[2] *See Bartell v. Lohiser*, 215 F.3d 550 (6th Cir. 2000); *United States v. Leal*, 75 F.3d 219 (6th Cir. 1996); *United States v. Godofsky*, 943 F.3d 1011 (6th Cir. 2019); *State Farm Mut. Auto. Ins. Co. v. Elite Health Ctrs., Inc*., 2019 U.S. Dist. LEXIS 110767 (E.D. Mich. 2019).

"offerings of *circumstantial and statistical* evidence[.]" (ECF No. 201, PageID.6903 (emphasis added).)

Hegira has failed to show that the Court made a mistake, the correction of which would change the outcome of its prior ruling. E.D. Mich. LR 7.1(h)(2)(A). It may well be that Plaintiffs' evidence proves inadequate to convince the finder of fact at trial on a fully developed and cross-examined record. Nonetheless, a motion for reconsideration is not an opportunity to point out all of the things that the party wishes it had pointed out previously or to add or give greater emphasis to certain evidence. Instead, consistent with LR 7.1(h)(2)(A), it is only an opportunity to show how the Court erred based on the record and briefing that was before it in the first instance. Hegira has not done so. In contrast, and as the Court pointed out in its July 26, 2022 order, Plaintiffs have adequately demonstrated that they are entitled to a trial to fully flesh out the disputed and material facts that they have identified, not only as to their procedural and substantive due process claims but also as to their ADA and Rehabilitation Act claims. (ECF No. 201, PageID.6917-6918.) "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Whether Hegira ultimately wins is another story for another day. *See, e.g.*, *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th

Cir. 2018) ("a plaintiff need only show a triable issue of material fact to proceed to trial . . . not foreclose any possibility of the defendant's success on the claims.") (internal citations omitted); *Klocke v. Watson*, 936 F.3d 240, 246 (5th Cir. 2019), <u>as revised</u> (Aug. 29, 2019) ("The party resisting summary judgment succeeds simply by showing that a material fact issue exists and requires trial by a factfinder."). Accordingly, Hegira's motion for reconsideration (ECF No. 203) is **DENIED.**

Dated: October 20, 2022

_____
Anthony P. Patti
United States Magistrate Judge